Nov. Term, 1861.

HAYS
v.
CAMPBELL.

*A. Ellison*, for the appellant.

---

HAYS and Others *v.* CAMPBELL and Others.

Petition to the county board for the location of a county road, the route of which was described as follows, viz., "commencing at the State road leading from *Washington, Daviess* county, to *Bedford, Lawrence* county, *Indiana*,

at sections sixteen and seventeen, and running on the line between *Barr* and *Washington* townships, due south, or as nearly so as it can run to get a good road, to intersect the *Alfordsville* road." After viewers had been appointed, and had reported in favor of the road, a remonstrance was filed, claiming damages. Viewers having reported against the claim for damages, the remonstrants appealed to the Circuit Court, and there moved to dismiss the proceedings for want of a sufficient petition.

*Held*, that if the petition was so insufficient as to form no basis for the action of the board, an objection thereto would be fatal at any stage of the proceedings.

*Held*, also, that a petition for the location of a highway passing through but one county must, under our statute, set out the names of the owners, or occupants, or agents, of the lands through which the proposed highway would pass; and in the absence of such requisite in the petition, the board is not authorized to act upon the same.

APPEAL from the *Daviess* Circuit Court.

HANNA, J.—The appellants filed a petition before the Board of County Commissioners, asking that a county road be laid out and opened, " commencing at the State road leading from *Washington, Daviess* county, *Indiana*, to *Bedford, Lawrence* county, *Indiana*, at sections sixteen and seventeen, and running on the line between *Barr* and *Washington* townships, due south, or as nearly so as it can run to get a good road, to intersect the *Alfordsville* road." No remonstrance being filed, viewers were appointed, who reported that they had viewed the road, " commencing at sections sixteen and seventeen, on, &c., and running on the line between *Barr* and *Washington* townships, due south, to the line of the *Cincinnati & St. Louis Railroad*, thence west thirteen rods, thence south eighty rods, thence east thirteen rods, thence south to the south side of *Aikman's* creek, thence southwest thirty rods to the *Alfordsville* road; and that the same would be of public utility. A remonstrance was then filed by the appellees, as the record states, demanding their damages occasioned by the location, &c., of said road. Viewers were appointed, who reported that said remonstrants would sustain no damages. The road was ordered to be opened. Appellees appealed to the Circuit Court, upon a bond signed by the surety only, and there moved to dismiss the proceedings for the want of a sufficient petition and report of

Nov. Term, 1861.
————
HAYS
v.
CAMPBELL.

*Wednesday,*
*December* 11.

viewers. Appellants in this Court moved there to dismiss the appeal for want of a sufficient bond, and for want of an affidavit of interest in appellants; and also moved to strike out the names of the signers of the original petition as parties, they and the Board of County Commissioners being named as defendants in the appeal.

The Court overruled all the motions of the present appellants, directed the appellants in that Court to file a new bond, and then dismissed the whole proceedings at the costs of the petitioners; and refused judgment for said costs against the county board.

It is insisted that where there is no remonstrance filed to the original application for the appointment of viewers, &c., those persons who may come in and merely object to an order authorizing the opening of said road until their claim for damages is settled, can not, on appeal, object to, or raise the question as to, the sufficiency of the original petition. That all they can do is to ask the Court to determine, in a proper manner, the amount of damages to which they are entitled.

To this it is answered, that even if this position is true as to proceedings legally conducted, it can not apply to those where the petition, &c., is so vague as to give the Board of Commissioners no jurisdiction; and that such is the character of this petition; that it does not, conformably to the statutory requirement, name the beginning, route, and terminus of the intended road, nor the persons through whose lands it will pass.

First, could the Court, under the circumstances, examine the sufficiency of the petition? We are of opinion that if the petition was so insufficient as to form no basis for the action of the board, that an objection thereto would be fatal at any stage of the proceedings. Whether it was thus invalid, depends upon the construction to be given to our statutes upon the subject of highways. 1 R. S., pp. 307–316. The first fourteen sections of said act are devoted to the mode of establishing, &c., highways that run through more than one county, and require that a petition for such road shall contain a description of the "beginning, course, and termination of the same, together with the names of the owners,

or occupants, or agents, of the lands through which the same may pass." The next twelve sections point out the mode of establishing, &c., roads running through but one county, but through more than one township. These sections merely provide that a petition shall be presented to the Board of Commissioners of the county, &c., but do not specify what such petition shall contain. It is provided, though, that the report of the viewers shall contain a full description, &c., of the road, by "routes and bounds, courses, and distances;" but even that report is not required to name the proprietors, &c., of lands through which such road is located.

Should these statutes be so construed as to require the petition, in the one case, to contain all that is required in the other? The reason, it appears to us, is as strong for requiring the petition to name the persons to be affected by such highway, where it passes through but one county, as where it passes through more. We are, therefore, of the opinion that such should be the character of the petition. In the absence of this essential requisite of the petition, in the case at bar, we are of opinion that the county board were not authorized to act upon the same. One of the very objects to be accomplished by naming the proprietors of the lands, was defeated, namely, that they should, by the notice to be given, based upon such petition, be prepared to remonstrate, if deemed by them expedient. It is now urged that because such remonstrance was not filed in the first instance, that the parties are precluded from taking advantage of defects in such original application.

As the whole proceeding had been thus built up on an insufficient and invalid foundation, the Court did right to dismiss it, because at some future stage of its progress it might, perhaps, have involved persons in serious litigation, in attempting to open and establish said road.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. W. Burton*, for the appellants.

*John Baker*, for the appellee.