HUGHES v. SELLERS and Others.

HIGHWAY.—*Location of.*—*Petition.*—A petition to the board of county commissioners for the location of a public highway must give the names of the owners and occupants or agents of all lands over which the proposed road is to run; and it is not a sufficient designation of such owners to say that they are the heirs of a person named. An objection to the petition because of its failure to give such names or a portion of them is not waived by the failure to make it before said commissioners, but may be raised by motion in arrest of judgment on appeal to the circuit court.

SAME.— *Viewers.*—*Report of.*—In a proceeding before the board of county commissioners to locate a public highway, the report of the first viewers appointed is insufficient if it do not show that they have laid out and marked the highway, and, when it runs upon the line dividing the lands of different proprietors, that they have so laid it out that each adjoining owner shall give half of the road; and second viewers, appointed upon remonstrance being made, have no authority to lay out and mark the highway.

GUARDIAN AND WARD.—*Guardian Ad Litem.*—*Practice.*—Where the guardian of a defendant appears and defends for his ward, it is unnecessary for the court to appoint a guardian *ad litem.*

APPEAL from the Hendricks Circuit Court.

DOWNEY, J.—The appellees filed a petition before the board of commissioners, as follows:

"State of Indiana, County of Hendricks, ss.

"To the Board of Commissioners of Hendricks County:

"The undersigned, residents of Hendricks county, and freeholders therein, respectfully petition the honorable board of commissioners aforesaid for the location of a public highway in said county, as follows: commencing at the north-east corner of B. N. Mobely's land, in section thirty, township sixteen, north of range one east; thence running north between the lands of James Smith on the west, and the lands of Hiram Mitchell and A. F. Smith and Richard B. Jones on the east, to the north-east corner of James Smith's land; thence west eleven rods; thence north between the lands of E. D. Sellers and the heirs of Jeremiah Depew, to the north-east corner of said heirs' land; thence west two rods; thence north between the land of Henry Hughes' heirs, to intersect.

the Danville and Brownsburg road; said road being a public necessity and of public utility, as your petitioners believe." Signed by twelve persons.

Upon proof of notice, viewers were appointed, who subsequently reported that they had viewed the said described highway, as follows, to wit: giving the same description as in the petition, "and are of the opinion that the location of said described highway would be of public utility."

There was a motion made by the appellant to set aside this report, which was overruled.

Upon remonstrance by her, other viewers were appointed, who reported in favor of the utility of the highway, and that they had *laid it out thirty feet wide*, describing it as in the petition.

The appellant then remonstrated, claiming damages, and reviewers were appointed, who reported, fixing the amount of her damages. The damages having been paid to the county treasurer, the commissioners ordered the highway opened.

The appellant appealed to the circuit court, where she moved to dismiss the petition because it did not sufficiently fix the beginning and termination of the proposed highway.

This motion was overruled. The appellant then presented the same objection to the first report that was made before the commissioners, for the reasons, among others, that the said viewers were not sworn, and did not lay out and mark the proposed highway; but the court refused to entertain and consider the said objections. The court, having heard the evidence, found that the proposed highway sought to be established and located by the petitioners would be of public utility, and re-assessed the damages, and found that the same had been deposited with the treasurer for the defendants.

There was a motion for a new trial for the reasons, first, that the court improperly overruled the motion of the defendant to dismiss the plaintiffs' petition for a highway; second, the court improperly refused to entertain and consider the original objection in writing made by the defend-

ant to the board of commissioners receiving and acting on the report of the first set of viewers, and to strike out said report.

This motion was overruled. The defendant then moved in arrest of judgment, because, first, the petition for the highway was not sufficient in law to form the basis of action of the board of commissioners; second, because the petition was not sufficient in law for that court to render a valid judgment on, establishing and creating a public highway; third, because the report of the first viewers was not sufficient in law on which to render a valid judgment establishing a highway on the route set forth in said report, on which route the court had found a highway would be of public utility.

This motion was also overruled by the court, and judgment was rendered that the highway be laid out thirty feet wide, on the route as described in the petition, &c. To all these rulings of the court exceptions were duly taken by the defendant.

The errors assigned are, first, the refusal of a new trial; second, refusing to arrest the judgment; third, rendering judgment against the defendant without appointing a guardian *ad litem* for her.

The first question presented, in the natural order, for our consideration, is as to the sufficiency of the petition, as that is at the foundation of the proceeding. The *termini* of the proposed highway are not very well fixed; but there is, we think, another, and perhaps more serious, objection to the petition, which is that it does not give the names of the owners, occupants, or agents of the lands through which the highway passes, as required by 1 G. & H. 359, sec. 1. Literally construed, the petition proposes to do an impossible thing; that is, lay out a highway *between* the lands of two adjoining proprietors. We must understand it as proposing to run the highway through the lands of the persons named, but on the line dividing their lands, so that, according to the statute, each shall give half of the road. 1 G. & H. 363, sec. 16.

It should, then, have given the names of these owners; and it is not giving the names of the owners, to say that they are the heirs of a designated person, as is done with reference to two or more of the tracts of land over which this highway is to run.

This objection was not waived because it was not made before the board of commissions. "We are of opinion that if the petition was so insufficient as to form no basis for the action of the board, an objection thereto would be fatal at any stage of the proceeding." *Hays* v. *Campbell,* 17 Ind. 430.

We know of no other standard by which to measure the sufficiency of the petition than that which is to be found in the statute providing what it shall contain. 1 G. & H. 359, sec. 1; *Hays* v. *Campbell, supra.*

Though it may be unnecessary, we will say that we think the report of the first viewers was defective and insufficient, because it did not show that they had laid out and marked the highway, nor that they had laid it out so that each adjoining owner should give half of the road, as required by 1. G. & H. 363, sec. 16.

We also think that the second viewers appointed had no authority to lay out and mark the highway. Their duty was simply to examine the proposed highway and report whether or not it would be of public utility. 1 G. & H. 364, sec. 23

The highway having never been properly laid out and marked, by the viewers, we do not see how the circuit court could adjudge it to be opened and established as such.

There is nothing in the last error assigned. The appellant was represented by her guardian, before the commissioners and in the circuit court. It is a part of the duties of the guardian to appear for and defend, or cause to be defended, all suits against his ward. 2 G. & H. 567, sec. 9, fifth division. Where the guardian appears, it is unnecessary for the court to appoint a guardian *ad litem.*

The judgment is reversed, with costs, and the cause re-

manded, with directions to the circuit court to sustain the motion in arrest of judgment.

*C. Foley*, for appellant.

*J. S. Ogden* and *J. V. Hadley*, for appellees.