## FARMER ET AL. *v.* PAULEY ET AL.

HIGHWAY.—*Sufficiency of Petition.*—A petition to lay out and open a highway, which describes the beginning point as "near" the corner between the north-west and north-east quarters of a certain section, without designating which corner, is bad, though it says the highway is to run from thence south "between" a certain eighty-acre tract of land.

From the Monroe Circuit Court.

*J. H. Louden* and *Dunning & Pittman*, for appellants.

*J. W. Buskirk* and *H. C. Duncan*, for appellees.

DOWNEY, J.—This was a proceeding, on petition, to lay out and open a public highway, commenced before the Board of Commissioners of Monroe County. Viewers were appointed and reported in favor of the public utility of the road, etc. Upon remonstrance by the appellants, other viewers were appointed, who also reported in favor of the utility of the road, and an order was thereupon made that the road be opened, etc.

The remonstrants appealed to the circuit court, where, among other proceedings, there was a trial by a jury and a verdict that the highway would be of public utility.

A motion for a new trial, and also in arrest of judgment, were made and overruled, and judgment rendered on the verdict.

The first question presented relates to the sufficiency of the petition. It is claimed by counsel for the appellant that it is insufficient, because it does not sufficiently describe the beginning and termination of the road, and proposes to run the same between the lands of two adjoining owners. The description in the petition of the proposed highway is as follows:

" Commencing north of the Louisville, New Albany, and Chicago Railway, in the road leading from Bloomington to the Vernal meeting-house and White Hall track, near the corner between the north-west quarter of section thirty-six and the north-east quarter of said section, in township nine, range two west; thence south between the east half of the north-west quarter of section thirty-six, owned by Samuel and Baker Johnson, one hundred and sixty rods; thence south between the east half of the south-west quarter of section thirty-six, owned by Van H. Swearingen, one hundred and sixty rods, until it strikes the Bloomington and White Hall road, all of said lands in township nine north of range two west."

We are of the opinion that the objection to the petition is well taken. The beginning point cannot be found. It is said to be " near " the corner between the north-west quarter of section thirty-six and the north-east quarter of that section. The word " near " leaves the matter entirely too indefinite. Then it does not appear to which of the corners between the two quarter sections it is near, whether that at the north or that at the south end of the dividing line.

Counsel for appellee meet the objection in this way. They say : " If the location of the roads mentioned did not give the starting point with certainty, the statement that the proposed road begins in the road leading from Bloomington, etc., and thence runs south between certain lands, the description of which is given, would certainly be sufficient, and the additional statement that the starting point was near a certain corner would not vitiate a description otherwise good," etc.

Unfortunately for this argument, the route of the proposed road is not described as running on the line between any two tracts of land. The language is, " thence south

between the east half of the north-west quarter of section thirty-six, owned by Samuel and Baker Johnson, one hundred and sixty rods," for its first course and distance. The next is, " thence south between the east half of the south-west quarter of section thirty-six, owned by Van H. Swearingen, one hundred and sixty rods, until it strikes the Bloomington and White Hall road." How it can be understood what is meant by running "between" a certain eighty-acre tract of land one hundred and sixty rods, we cannot tell. If it had been said that the route ran on the line between the designated tract and some other tract, we could have comprehended the meaning. This peculiar part of the attempted description adds no certainty to the description of the proposed highway. This objection was made before the commissioners and again urged in the circuit court.

It seems to us that the description of the proposed highway is too indefinite, and that the petition should, for this reason, have been held insufficient.

The other questions, some of which, we think, would have required us to reverse the judgment, we need not now consider.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the motion in arrest of judgment.