## SHUTE ET AL. *v.* DECKER ET AL.

PRACTICE.—*Petition for Change of Highway.*—*Arrest of Judgment.*—Defects in a petition for a change in the location of a highway may be made the ground of a motion in arrest of judgment, in the circuit court, on appeal.

HIGHWAY.—*Description in Petition.*—Where a highway is described, in a petition for its change, as beginning at the state line, in a certain section, the description will be too indefinite, where the section lies a mile in extent on the state line; but if the point in the road where the proposed change is to commence is definitely pointed out, and the line of the change designated, it will be sufficient.

SAME.—*Uncertainty.*—Conceding that a person petitioning for a change in the location of a highway, and asking that it be located on a line between himself and an adjoining owner, may offer to give all of the land for the highway, or may offer to give the greater part thereof, the petition will be too uncertain, if it offers to give the land for one-half of the highway, or a certain number of feet, or that it may be located wholly on the land of the petitioner; and the report of viewers in such case will be too uncertain, if it fails to show the amount of land of the petitioner upon which the road is located.

From the Wayne Circuit Court.

*I. B. Morris* and *L. D. Stubbs,* for appellants.

*W. A. Bickle* and *A. B. Young,* for appellees.

DOWNEY, J.—This was a proceeding to change the location of a public highway, in which the appellees were petitioners and the appellants remonstrants. The proceeding was under the act of June 17th, 1852, 1 G. & H. 359, and not under the act of March 11th, 1867, Acts 1867, p. 131.

The various steps taken in the proceeding before the commissioners were as follows:

The petitioners filed their petition and notice and proof thereof. The appellants then filed a remonstrance. The board appointed viewers, and they reported. The petitioners demurred to the remonstrance, and their demurrer was overruled. The board, on motion of the appellees, struck out the names of all the remonstrants, except those of Aaron Shute, Sr., and Samuel Erwin, being those of the remonstrants claiming damages. The board then appointed reviewers of the road. An additional remonstrance was then filed by Aaron Shute, Samuel Erwin and others. The reviewers reported. The remonstrants Aaron Shute and Samuel Erwin moved to set aside the report of the first viewers, and their motion was overruled. They then excepted to the report of the reviewers, and moved that they be required to report on the question whether as good a route could be found without running through the inclosure of the remonstrants of more than one year's standing without their consent. This motion also was overruled. The board then ordered the change to be made in the location of the road, and rendered judgment for costs against the remonstrants. The remonstrants appealed to the circuit court.

In the circuit court, the remonstrants moved the court to dismiss the proceeding on account of defects in the petition, in the report of the viewers and that of the reviewers. This motion was overruled. There was then a trial by jury and a verdict for the petitioners, with answers to interrogatories. A motion for a new trial and one in arrest of judgment were overruled, and there was final judgment.

The errors assigned present the questions as to the sufficiency of the petition, the report of the viewers, and as to the correctness of the action of the court in refusing to grant a new trial. The objection to the petition is, that it does not describe with sufficient certainty the route of the proposed change in the highway. It describes the old road and the proposed change as follows:

Shute *et al. v.* Decker *et al.*

"A certain county road, beginning at the state line, in section thirteen, township thirteen, range one west, running thence southwesterly through the lands owned by Henry Decker, and to the center of said section thirteen; the change of location of said road prayed for being as follows, to wit: commencing at a point in said county road, twenty-nine rods east of the center of said section thirteen, township thirteen, range one west, running thence north between the lands owned by said Henry Decker, on one side, and Samuel and Elizabeth Erwin and Aaron Shute on the other (or upon the land of said Decker, as hereinafter prayed), twenty-three and one-fourth degrees east, twenty-four and four-tenths rods, and running thence east between the lands owned by said Henry Decker and Aaron Shute, or upon the land of said Decker, as hereinafter prayed, to a point where said county road (as the same now runs) branches off and runs entirely upon the lands of said Decker, said last point being the termination of said proposed change; the said beginning, course and termination of said proposed change lying and being in section thirteen, township thirteen, range one west, as aforesaid. The said road so proposed to be changed being only twenty-five feet wide, the said Henry Decker hereby agrees and obligates himself that if a change of said road be ordered, he, the said Decker, will give, yield and donate seventeen and a half feet of land to make said new or changed road, thereby only requiring twelve and a half feet of land to be taken off the lands of said Shute and Erwin, in order to make a lawful road thirty feet wide. And further, the said Henry Decker further represents and obligates himself, that if it shall be deemed unjust and inequitable to order said change of said road by taking said twelve and a half feet from the lands of each said Shute and Erwin, he, the said Decker, will give, yield and donate the total thirty feet necessary, from his own lands, to make said change, and cause said change to be made at his (Decker's) own expense, and will put said new road, if so changed, in as good repair as said old road is now in."

It is stated in the petition that a plat, showing the beginning, course and termination of said old road, and also of the proposed change of said road, was filed with the petition; but it is not in the record.

The report of the viewers does not show whether they located the road equally on the lands of the adjoining owners, or seventeen feet and a half on the lands of Decker and twelve and a half on the lands of Shute and Erwin, or whether they located it altogether on the lands of Decker, as, in certain events, he proposed.

The question is argued by counsel for appellees as to whether the sufficiency of the petition can be questioned by a motion in arrest of judgment. They concede that it was held that this could be done, in *Hays* v. *Campbell,* 17 Ind. 430, and in *Hughes* v. *Sellers,* 34 Ind. 337, but claim that in *Fisher* v. *Hobbs,* 42 Ind. 276, the doctrine was laid down that the objection on account of defects in the petition is waived unless made before the commissioners. That case hardly goes so far. It speaks of waiving irregularities in the proceedings, but does not, we think, decide that substantial defects in the petition cannot be made the ground of a motion in arrest of judgment in the circuit court on appeal. We think the objection may be made by a motion in arrest of judgment.

We proceed, then, to examine the question as to the sufficiency of the petition. It must be conceded that if the question turned exclusively on the description given of the original road, it must be at once decided against the appellees. The beginning of that road is entirely too indefinite. It is described as a certain county road, "beginning at the state line, in section thirteen, township thirteen, range one west," etc. As section thirteen lies a mile in extent on the state line, to say that the beginning is on the state line, in section thirteen, would be too indefinite. But the part of the road to be relocated is described as follows:

"Commencing at a point in said county road twenty-nine rods east of the center of said section thirteen, township

thirteen, range one west, running thence north between the lands owned by said Henry Decker on one side, and Samuel and Elizabeth Erwin and Aaron Shute on the other (or upon the lands of said Decker, as hereinafter prayed) twenty-three and one-fourth degrees east, twenty-four and four-tenths rods; and running thence east between the lands owned by said Henry Decker and Aaron Shute, or upon the lands of said Decker as hereinafter prayed, to a point where said county road (as the same now runs) branches off and runs entirely upon the lands of said Decker, said last named point being the terminus of said proposed change," etc.

The petition contains a proposition on the part of Decker to give seventeen and a half feet of the roadway, leaving only twelve and a half feet to be given by the other adjoining owners, or, if thought equitable, to give all the roadway. The statute provides that where a road is laid out upon the line dividing the lands of two individuals, each shall give half the road. 1 G. & H. 363, sec. 16, proviso. Conceding that it is competent for the petitioner owning the land to agree to give all or a greater part of the land for the highway, and thus vary the statutory rule on the subject, yet it seems to us that the petition is too uncertain. If this may be done, it was in this case a mere offer on the part of the petitioners, by which the viewers might not be bound. It should probably be understood from the petition that the petitioners intended one of three things:

1. That the road should be so located that each party would, according to the statute, give one-half of the land.

2. That it should be so located that Decker should give seventeen and a half feet, and the other parties twelve and a half feet.

3. That it should be located wholly on the land of Decker.

We think, for this reason, the petition was too uncertain, and therefore insufficient. We are of the opinion that the report of the viewers was liable to the same objection. It does not show whether the road was located upon the lands of the parties equally, or upon seventeen and a half feet of

the land of the petitioner and twelve and a half feet of the land of the remonstrants, or upon the lands of Decker exclusively. *Hughes* v. *Sellers, supra.* The viewers did not, in their report, give "a full description of such change by routes and bounds and by its course and distance," as required by the statute, 1 G. & H. 363, sec. 17. Objection was made to this report before the commissioners, and its insufficiency was made one of the grounds of the motion in arrest of the judgment in the circuit court. We do not see how the court can order a highway to be established and opened upon a defective report of viewers.

It may be proper to remark that the reviewers have no power to lay out and mark the highway. This must be done by the viewers.

Reviewers appointed under section 22, p. 364, 1 G. & H., are only authorized to report upon the public utility of the highway or change, and those appointed under secs. 19 and 20, p. 363, 1 G. & H., are only authorized to assess and report the damages of the remonstrants on whose application they have been appointed.

It is not deemed necessary to examine other questions in the case.

The judgment is reversed, with costs, and the cause remanded with instructions to sustain the motion in arrest of judgment.