DeLONG ET AL. *v.* SCHIMMEL ET AL.

HIGHWAY.—*Location of.—Petition.—Report of Viewers.*—A petition for the location of a highway, and the reports of viewers and reviewers locating the same, describing the beginning-point thereof as being "at or near the residence of" a person named, are too indefinite and uncertain to authorize the location of the same.

SAME.—The report of viewers locating a proposed highway should prescribe its width.

From the Carroll Circuit Court.

*J. Applegate*, for appellants.

*J. B. Kane*, for appellees.

BIDDLE, C. J.—Petition by the appellees to locate and establish a highway.

The board of commissioners appointed viewers. They reported in favor of the highway. A remonstrance was filed by the appellants, and reviewers appointed, who also reported in favor of the highway; and the board ordered that the highway be located and established.

The remonstrants appealed to the circuit court, wherein the case was tried by the court, and a finding had in favor of the petitioners, and the highway ordered to be located and established.

Motion in arrest of judgment overruled; exception; appeal to the Supreme Court.

The petition prays for the location of a highway running through certain lands, described, " commencing at or near the residence of Solomon Snyder, on the public road running," etc. The viewers reported in favor of a highway " commencing at or near the residence of Solomon Snyder, on the public road running," etc., without stating the width of the highway. The reviewers reported in favor of a highway, " commencing at or near the residence of Solomon Snyder, on the public road running," etc.

The circuit court adjudged, " that the said road be opened and kept in repair, as asked for in said petition."

That the circuit court " erred in overruling the appellants' motion in arrest of judgment," is assigned as error in this court.

These proceedings can not be upheld. The petition is insufficient; it is too uncertain. The commencement " at or near the residence of Solomon Snyder," etc., could not be practically found by a surveyor. It would, indeed, leave the surveyor to locate the highway, instead of the viewers. The same uncertainty runs through the entire proceedings. From this record, it would be impossible to locate and establish the highway, except at random.

Neither the rights of the public, nor the private rights of individuals, must be left to such uncertainty.

We have a long line of decisions supporting this view. *White* v. *Conover*, 5 Blackf. 462; *Carlton* v. *The State*, 8 Blackf. 208; *Barnard* v. *Haworth*, 9 Ind. 103; *Hays* v. *Campbell*, 17 Ind. 430; *Hughes* v. *Sellers*, 34 Ind. 337; *Farmer* v. *Pauley*, 50 Ind. 583; *Shute* v. *Decker*, 51 Ind. 241.

The judgment is reversed, at the costs of the appellees, and the cause remanded, with instructions to sustain the motion in arrest of judgment.