## MILLER, TRUSTEE, ETC., *v.* PORTER.

### No. 7159.

HIGHWAY.— *Obstruction.— User.— Order of County Board.*—The county board ordered the location of a highway, and, over the defendant's objection, the same was opened through his field, and used by the public for about two months, when the defendant rebuilt his fences, which is the obstruction complained of. Whether there was a highway, depends on the validity of the order therefor, not on the user.

SAME.—*Petition and Notice.— Names.*—The order establishing a highway is not void, because, in the petition for the establishment of the way and in the notice, the christian names of the land-owners are not given, but only initial letters, and the owners of part of the land affected are described as the "Bryant heirs."

SAME.—*Termini.— Description.*—That is certain which can be made certain.

SAME.—*County Board.— Jurisdiction.— Collateral Attack.*—The county board having assumed jurisdiction, without objection, their procedure in ordering a highway located, however irregular, will be upheld against collateral attack.

SAME.—*Fence.— Notice to Remove.— Supervisor.*—When a highway has been once opened and put into use, its validity or existence can not be questioned in a prosecution for obstructing it, on account of any irregularity of the supervisor in opening it, such as failure to give the owners proper notice to remove their fences.

PRACTICE.—*Demurrer to Evidence.*—A demurrer to the evidence waives objections to its admissibility, and admits every reasonable inference of fact which can be drawn therefrom.

From the Vigo Circuit Court.

*N. G. Buff* and *S. M. Beecher,* for appellant.

*R. Dunnigan* and *S. C. Stimson,* for appellee.

WOODS, J.—The Circuit Court sustained the demurrer of the appellee to the evidence of the appellant, who was the plaintiff below.

The action was begun before a justice of the peace, and was brought to recover a penalty for obstructing a highway, under section 24 of the act concerning supervisors, approved March 5th, 1859, 1 R. S. 1876, p. 860.

No brief has been furnished on behalf of the appellee, but we infer from the record, and from the brief of counsel for appellant, that the only dispute is, or was, whether there was any highway at the place where the admitted acts of alleged obstruction were done. Whether there was a highway, depends we think on the question of the validity of the procedure, the record of which was put in evidence, for the opening of a road over the place in controversy. It is contended, indeed, that there was such evidence of user of the *locus in quo* as would warrant the inference of a highway, independently of the record, but we do not think so.

The place had been under fence until December, when the supervisor, over the remonstrance of the appellee, professing to act in pursuance of the order of the board of commissioners, and of the township trustee, and of a notice which had been served upon the appellee to remove his fences, opened the way, which from that time until the ensuing March was used by the public as a highway ; and then the defendant rebuilt his fences, which constituted the obstruction complained of.

The circumstances show that there was no pretence of a claim that the way had an existence except by virtue of the order of the county board, and the acts of the trustee of the township and the supervisor of the district, done in pursuance of that order.

The order of the board establishing the proposed highway to the width of thirty-five feet, and ordering that the same be worked as other roads are worked, and that the auditor give notice to the trustee of the township, was passed at the December term, 1875, and the notice to the trustee issued January 21st, 1876.

Objections to the introduction of the record of the procedure in evidence were made by the appellee upon the following grounds, which the court overruled, namely :

That the notice does not give the names of all the parties through whose lands the highway was to pass;

That the petition is uncertain and bad on its face, showing that the board acted on insufficient proceedings;

That the geography of the county shows that the terminus of the road is not set forth in the petition; and,

That the reviewers did not give the route of the road with sufficient certainty, failing to state the width or how many feet were to be taken off of each side of the road.

By demurring to the evidence, the appellee waived all objections to its admissibility, and admitted as true every conclusion which the jury could reasonably have drawn from it. *The City of Indianapolis* v. *Lawyer*, 38 Ind. 348.

This brings us to the question whether the record put in evidence shows an order for the location of the road *prima facie* valid, or was the order, on the face of the proceedings, to be deemed void ?

The description of the proposed highway as contained in the notice, petition, appointment and report of the viewers, was as follows : " A road in Pierson township, Vigo county, Indiana, described as follows : Commencing north at corner of sections twenty-five (25) and twenty-six (26), in town ten (10), range eight (8), and running south one mile and a half, dividing sections twenty-five (25) and twenty-six (26), and thirty-five (35) and thirty-six (36), and dividing lands as follows : On the east, William Jourdan, Joseph Porter, E. Rogers, —— Walden, C. L. Edmonston, Israel and William Crist, and on the west, John Ingram, L. Lanning, Allen Harris, Bonham Welch, Taylor Whitaker, Webb Welch, Geo. Welch ; thence east forty rods, dividing the lands of Israel and William Crist on the north and the Bryant heirs on the south ; thence south,

dividing the lands of J. P. R. Stephens on the east, and the Bryant heirs and Nancy Acres on the west, and through the lands of Addison Williams till it *buts* Washington street, in the village of Centreville, located in section thirty-six (36), town and range aforesaid." The petitioners described themselves as freeholders, resident in Pierson township, in said county.

Upon presentation of the petition at the term named in the notice, the record shows that "The Board finds that said petition has been signed by at least twelve freeholders, nine of whom live in the immediate neighborhood of the proposed highway, and that notice of the filing of said petition had been given by posting up three written notices in three of the most public places in the neighborhood, for at least twenty days before the first Monday in September, 1875," and thereupon the Board appointed viewers, who met at the appointed place and were sworn, made their view, and at the next December term reported the road of public utility, and the Board ordered the road established. No one appeared to object or remonstrate at any stage of the proceedings.

We have been able to discern nothing in the local geography which makes the terminus of the road, as described, uncertain. Upon a township map of the State, which the writer of this opinion has examined, and which, in want of better aid furnished by the appellee, is presumed to be correct, the village of Centreville is shown to be situate in the south-west part of section thirty-six, in the township of Pierson, and we are unable to say, judicially or otherwise, that there is not a Washington street in the said village, which said highway *buts*, just as stated. *Id certum est, quod certum reddi potest.* It is suggested, however, that the names of the owners of land are not properly given, and the insertion of the names "—— Walden " and " Bryant heirs " makes the notice void. If the notice is void,

Miller, Trustee, etc., v. Porter.

the whole procedure, of course, falls. We do not think that the notice should be deemed void on the ground suggested. The Board of Commissioners having assumed jurisdiction, without objection from any one, their procedure should not be deemed void, however irregular, but should be upheld against collateral attack. The following cases are more or less pertinent : *Fisher* v. *Hobbs*, 42 Ind. 276 ; *Little* v. *Thompson*, 24 Ind. 146 ; *Wilson* v. *Whitsel*, 24 Ind. 306 ; *Crossley* v. *O'Brien*, 24 Ind. 325 ; *Smith* v. *Alexander*, 24 Ind. 454 ; *Wright* v. *Wells*, 29 Ind. 354 ; *Mossman* v. *Forrest*, 27 Ind. 233 ; *The Board of Comm'rs, etc.,* v. *Markle*, 46 Ind. 96 ; *The Board, etc., of Lawrence County* v. *Hall*, 70 Ind. 469 ; *Wild* v. *Deig*, 43 Ind. 455.

It may be, that the evidence was deemed insufficient because it did not show that the supervisor had given the appellee " sixty days notice, in writing, to remove his fence" as required by section 41 of the act concerning highways. 1 R. S. 1876, p. 534. There is much indefiniteness in the proof in this respect, but this much was shown : That, at least sixty days before the 1st of November, 1876, the supervisor left at the dwelling-house of the defendant a notice to remove his fences. The appellee not being at home, the notice was left in care of Mr. Crane, whom the supervisor understood to be a resident with, and member of, appellee's family. Crane promised the supervisor to deliver the notice to the appellee, but it is not shown that he did deliver it. We need not decide whether the proof in this respect showed a good service of the notice. The proof of the contents of the notice, no copy of which was produced, was, to say the least, doubtful ; and it may be that the supervisor was a wrong-doer in proceeding to open up the way ; but does it follow for this reason that, two months and more and after the road had been opened and used by the public as a highway, the appellee had a right, on account of any defect in the notice to remove his fences, to shut it up

again? We think not. The existence or non-existence of a highway, which, in pursuance of a valid order of the county board for its establishment, has been actually opened and put into use as such, should not be brought into question on account of any alleged irregularity of conduct on the part of the supervisor in the opening thereof. If we have failed to discover the true ground on which the decision of the circuit judge was predicated, and the interests of the appellee have suffered on that account, he may attribute the blame to the failure of his attorney to furnish us a brief. For any thing suggested or apparent to us, the demurrer to the evidence should have been overruled.

Judgment reversed with costs, and cause remanded, with instructions to overrule said demurrer, and proceed with the case.