No. 6865.

PORTER v. STOUT ET AL.

JURISDICTION.—*Collateral Attack.*—Where the jurisdiction of an inferior court depends upon a fact which such court is required to ascertain and settle by its decision, such decision is conclusive as against all collateral attacks.

SAME.—*Highway.*—*Petition.*—*Names of Owners of Land Affected.*—*County Commissioners.*—The sufficiency of a petition for the location of a highway, as to the proper designation of the names of the owners or occupants of the lands to be affected thereby, is a jurisdictional fact to be determined by the board of commissioners, and its judgment thereon can not be collaterally attacked.

HIGHWAY.—*Opening of.*—*Statute Construed.*—Under section 15 of the statute providing for the opening of highways, 1 R. S. 1876, p. 531, the petition therefor is sufficient, against collateral attack, if it appears that either an owner, or an occupant, or an agent of the land through which the highway is to pass, was properly named therein.

SAME.—*Notice of Filing Petition.*—*To whom Given.*—*Constitutional Law.*—The Legislature has the power to prescribe what shall be a reasonable notice of the pendency of a petition for the opening of a highway, and whether it may be given to the owner or to the occupant of land affected thereby; and under section 15, *supra*, notice is sufficient if given to either the owner or occupant.

SAME.—*Notice to Remove Fences.*—*Sufficiency of.*—Under section 41 of the statute, *supra*, notice by the supervisor to remove fences on land through which a highway has been located, is sufficient if given to either the owner or occupant.

SAME.—*Admissions of Occupant of Land.*—*Principal and Agent.*—Where an occupant of land has been made a party to the proceedings for the opening of a highway through such land, his admissions as to matters connected therewith are those of a principal, and not of an agent.

Porter *v.* Stout *et al.*

SAME.—*Husband and Wife.*—*Notice to Husband.*—*Evidence.*—In a proceeding to open a highway through lands occupied by a husband and wife, though owned by the wife, it is sufficient to name the husband as the occupant thereof, in the petition and notices, and his admissions in relation thereto are admissible in evidence.

From the Vigo Circuit Court.

*R. Dunigan, S. C. Stimson* and *R. B. Stimson,* for appellant.

*N. G. Buff* and *S. M. Beecher,* for appellees.

ELLIOTT, J.—The questions requiring our consideration arise upon the issues joined on the answer of appellees, justifying an entry on land of the appellant under an order of the board of county commissioners directing the opening and laying out of a highway.

The contention of appellant is, that the proceedings and order of the board of commissioners were void, and, therefore, afforded no protection to the appellees. The petition filed in the commissioners' court is assailed upon the ground that it is insufficient because it does not state the names, in full, of the land-owners whose lands will be affected by the opening of the highway. The petition describes some of the owners of lands by the initials of their christian names, others are described as "Waldron's heirs," and others as "Bryant's heirs." Doubtless this description would be insufficient upon an objection made before the commissioners, while the petition was pending, or upon an appeal from the order of the board of commissioners; but that is not the question here. This is a collateral attack made upon the judgment of an inferior tribunal, and very different rules prevail from those which obtain in cases where there is a direct proceeding attacking the judgment. The commissioners have passed upon the sufficiency of the petition, and as its sufficiency, in the particulars named, was a question which the commissioners must have determined as a matter necessary to confer jurisdiction, their judgment can not be

overthrown by an attack of the character of that now made by appellant. It has long been the rule in this State, and, indeed, in a very decided majority of all the States, that where the jurisdiction of an inferior court depends upon a fact which the court is required to ascertain and settle by its decision, such decision is conclusive as against all collateral attacks. *The Evansville, etc., R. R. Co.* v. *The City of Evansville*, 15 Ind. 395 ; *The State, ex rel.*, v. *Needham*, 32 Ind. 325 ; *The Board, etc.*, v. *Markle*, 46 Ind. 96 ; *Dequindre* v. *Williams*, 31 Ind. 444 ; *The Board, etc.*, v. *Hall*, 70 Ind. 469. This principle was applied in its full force and broadest scope in *Little* v. *Thompson*, 24 Ind. 146, where the question arose upon a direct appeal from the judgment of the commissioners. In *Wild* v. *Deig*, 43 Ind. 455, it was expressly held that, although the names of some of the land-owners were omitted, that fact would not avail one who was named, where the attack was, as here, made collaterally. *Vide*, also, *Miller* v. *Porter*, 71 Ind. 521.

The defect which appellant points out ought not, in any event, to be considered as of such a serious nature as to invalidate the proceedings. The petition was amendable (*Hedrick* v. *Hedrick*, 55 Ind. 78, and *Little* v. *Thompson*, 24 Ind. 146), and ought, in such an attack as the present, to be deemed sufficient, irrespective of the effect of the judgment pronounced upon it by the board of commissioners.

The appellant asserts that the proceedings of the board of commissioners were invalid because she was not named in the petition, and was not notified of the pendency of the proceedings. It is very satisfactorily shown, however, that her husband, Joseph Porter, was named in the petition, and that he was the occupant of the land entered upon, and was also the agent of the wife. The appellees meet the argument of appellant by the proposition, that it is sufficient to name and notify the occupant or the agent, without notifying the owner. The language of the statute upon which the

question turns is as follows: "Whenever twelve freeholders of the county, six of whom shall reside in the immediate neighborhood of the highway proposed to be located, vacated, or the change to be made, shall petition the board of county commissioners of the county in which such highway is situated, setting forth in such petition the beginning, course and termination of the highway proposed to be located or vacated, or of the change proposed to be made, together with the names of the owners, occupants or agents of the lands through which the same may pass," the board shall appoint viewers. What is the construction to be given the clause, "shall set forth the names of the owners, occupants or agents"? If it means that all owners, all occupants and all agents must be named, then, as the appellant was not named in the petition, she can not be regarded as a party to the proceedings which resulted in the order or judgment under which appellees justify. If she was not a party, and if the statute required that she should be made a party by being named in the petition, then she can not be held to have been concluded by the judgment pronounced by the commissioners. The general rule is, that where the law requires that owners shall be made parties to judicial proceedings, and they are not brought into court in the manner prescribed by law, they are not concluded by the judgment; and this is so whether the court be one of general or limited jurisdiction. The important question, therefore, is, does the statute require that the owner shall be a party, and that he shall be made a party by being named in the petition? It seems to us that the language of the statute will not bear the construction that all owners, all occupants and all agents should be named in the petition; but that the only reasonable construction is, that it is sufficient if either the owner, the agent or the occupant be made a party. The language plainly indicates this, for, in legal effect, it is precisely the same as if the words were, "shall set forth the names of the owners, or

the names of the occupants, or the names of the agents."
Unless we do violence to the language used, we must hold
that the statute requires that one of the three persons desig-
nated, the owner, the occupant or the agent, shall be named,
but that it does not require that the owner of, the occupant of,
and the agent for, the same land shall all be named in the
petition. We must, however, accept one of two alternatives,
for we must hold that all owners, all occupants, and all
agents shall be named in the petition, or we must hold that
it is sufficient to name one only of the three, an owner, an
occupant, or an agent. This construction is obviously the
only one of which the statute will admit, and will commit to
the commissioners the power of determining the question,
whenever proper steps are taken to raise it, which one of
the three is the proper party in the particular case. If
this be so, then the case falls within the rule, that where an
inferior tribunal has power to decide upon jurisdictional
facts, and does decide, its judgment can not be overthrown
in a collateral proceeding.

The appellant asks us to examine the cases referred to by
her counsel, and we have done so with care. The case of
*Wright* v. *Wells*, 29 Ind. 354, is against, rather than for, the
appellant, the court there holding that the judgment of the
board ordering the opening of the highway was conclusive
upon the jurisdictional facts. *Hays* v. *Campbell*, 17 Ind.
430, was an appeal from the judgment of the commissioners,
where the single question was whether the petition was suf-
ficient where the owner was not named, and no question was
made as to what would have been the effect had the occu-
pant of the land been named. *Hughes* v. *Sellers*, 34 Ind.
337, is essentially the same as *Hays* v. *Campbell*, and re-
quires no comment further than to say that it does not touch
the question we have immediately in hand. Both of these
cases are considered in *Wild* v. *Deig*, 43 Ind. 455, and from
the language there used it is evident the court did not consider

that they applied to the case, where the question came up in the course of a collateral attack. The case of *Crossley* v. *O'Brien*, 24 Ind. 325, was also an appeal from the judgment of the commissioners, and no such question as we are now dealing with arose in that case. It must be said that much that is stated in that case, by way of illustration and argument, can hardly be harmonized with the more recent cases; but, however this may be, it is quite certain that it does not apply to the question which the present case thrusts upon us. None of the cases cited by appellant shed much light upon the question, for in all of them the question of the sufficiency of the petition arose upon appeal from the judgment of the commissioners' court, and the distinction between an attack made by direct appeal and one made in a collateral manner is very obvious and important, and has been recognized in very many cases. *Suits* v. *Murdock*, 63 Ind. 73, and authorities cited. Nor do we receive much assistance from the authorities cited by appellees. The only case which approaches the present question is that of *Meyers* v. *Brown*, 55 Ind. 596, and the point there decided was, that it is not necessary that the petition should state who are owners and who are occupants, but that it will be sufficient if all proper parties are named. The case does, indirectly, lend some support to the appellees' argument, but does not fully meet the question argued.

The precise question now presented is, therefore, a new one in this State. We think, however, that the language of the statute itself, as well as the holding of the courts upon similar questions, requires us to hold that a petition for the opening of a highway is sufficient, as against a collateral attack, if it appears that either an owner, an occupant or an agent was properly named and notified. If it be sufficient to name one of the three, and one is named, and the commissioners have decided that the proper one was named, then the case comes directly under the rule, already stated, that

where a court is required to decide, and does decide, upon a jurisdictional fact, its judgment can not be overthrown in a collateral attack.

It is clearly within the power of the Legislature to provide the form of notice, as well as the time and manner of giving it. There are, indeed, cases going so far as to hold that it is not essential that any notice at all shall be given. Upon this subject a late writer says: "The condemnation proceedings being in the nature of proceedings *in rem*, the judgment is conclusive against every party interested, whether notified or not. The seizure is constructive notice. The court obtains jurisdiction over the land seized. Public convenience would not allow proceedings to be set aside for want of notice to individuals. The notice may be given to the party in possession, although he may not be the true owner." Mills Eminent Domain, sec. 94.

We are, however, not now required to do more than decide whether the Legislature may declare notice served upon an occupant of land to be sufficient, and whether that is the declaration of the present statute. We do decide that the Legislature has the power to prescribe what shall be a reasonable notice of the pendency of a petition for the opening of a highway, and whether it may be given to the owner or to the occupant of land, and that they have declared that it is sufficient if given to either the owner or to the occupant.

Appellant argues at much length that she was entitled to notice to remove her fences before any entry upon her land could be rightfully made. We think that notice is required. *Suits* v. *Murdock, supra;* 1 R. S. 1876, p. 534, sec. 41. But we do not think that it must be given to the owner, and that it can be given no one else. The provision of the statute is: "The supervisor shall give the occupant of such land, or the owner, if a resident of the road district, sixty days' notice." There can be no doubt as to the meaning of this statute ; the notice may be given to either the owner or to the occupant. There is

no reason for assigning to the conjunction or any other than its ordinary meaning. There is no obscurity, no confusion, and we have no right, therefore, to alter a word or to twist it from its usual and ordinary signification.

Statements made by Joseph Porter were admitted over the objection and exception of appellant, and it is now claimed that in this there was error. The competency of these admissions does not, as counsel suppose, depend solely upon the question whether the said Joseph was the appellant's agent. As the statute provides that the occupant of land may be the party to the petition, and that upon him notice to remove may be rightfully served, he is, as to all these matters, a principal. His admissions upon all such matters are those of a principal, and not those of an agent. If, however, this were not the rule, there is so much evidence tending to establish the fact of agency; and the further fact that the declarations of Joseph were within the scope of such agency, that we could not disturb the verdict, even upon the theory that Joseph's declarations were competent only upon the ground of agency.

We find no error in the record which will warrant a reversal, and the judgment must, therefore, be affirmed.

Judgment affirmed, at costs of appellant.

Petition for a rehearing overruled.