Filed Feb. 12, 1884.

<hr/>

No. 9958.

## McINTYRE *v.* MARINE ET AL.

HIGHWAYS.—*Petition and Notice.—Name of Owners.—Description.—Collateral Attack.*—Proceedings of county commissioners establishing a highway

| 93 | 193 |
|---|---|
| 125 | 529 |
| 93 | 193 |
| 130 | 106 |
| 93 | 193 |
| 141 | 653 |
| 142 | 366 |
| 93 | 193 |
| 153 | 242 |

can not be attacked collaterally by one on whose lands the same will pass, merely because the name of the owner, occupant or agent of that land was not stated in the petition, notice or any of the proceedings, and that neither of them had actual notice, unless the description of the proposed route was such that one reading the notice would not learn its location.

From the Porter Circuit Court.

*E. D. Crumpacker* and *J. H. Gillett*, for appellant.

*W. Johnston* and *T. J. McLaughlin*, for appellees.

HAMMOND, J.—The appellant was the plaintiff and the appellees were the defendants in the court below. We take from the brief of counsel for the appellant the following statement of his case:

"On the 15th day of February, 1881, the appellant filed his complaint in the Porter Circuit Court to enjoin the appellees from entering upon his land, tearing down his fences, and opening and laying out a highway thereon, which was claimed to have been established by an order of the board of commissioners of Porter county. The complaint avers, in substance, that the plaintiff was a resident tax-payer and citizen of the township in which the highway was proposed to be located and opened, and that he was the owner in fee and in the occupancy of the following described real estate in said county, to wit: The east half of the northeast quarter of the northwest quarter of section twenty-four (24), township thirty-four (34) north, range five (5) west; that the defendant Marine was the trustee of the township, and the defendants Ablet and Lennox were the supervisors of the road districts in which such highway was pretended to have been located; that at the December term, 1879, of the board of commissioners of said county, William E. Pinney, and others filed their pretended petition, asking for the location of a public highway in said county, on the following route, to wit: Commencing at the southwest corner of section fifteen (15), and the northwest corner of section twenty-two (22), in township thirty-four (34) north, range five (5) west, and running thence east

on the line between said sections fifteen (15) and twenty-two (22), and on the line between sections fourteen (14) and twenty-three (23), and on the line between the southwest quarter of section thirteen (13), and the northwest quarter of section twenty-four (24), to the quarter post, where the same will intersect a highway running north and south, the proposed highway to be forty (40) feet wide, and which would extend over and across plaintiff's land, taking and occupying a strip twenty (20) feet wide therefrom; that at the March term, 1880, of the board of commissioners, viewers were appointed to view, mark out and locate said proposed highway, if they should consider the same to be of public utility. At the regular June term, 1880, of said board, the viewers reported said proposed highway to be of public utility, and that they had marked out and located the same on the route designated in the petition; that divers freeholders along said proposed highway remonstrated against the location of the same, and claimed damages resulting to their respective premises on account thereof, whereupon reviewers were appointed to assess such damages; that at the September term, 1880, such proceedings were had in reference to said proposed highway that the board of commissioners made an order pretending to finally locate and establish the same on the route designated in the petition, to be of the width of forty (40) feet, and ordered the same to be opened and kept in repair, which order was transmitted to the defendants.

"That at the time of the filing of the petition plaintiff's said land was enclosed and under cultivation as a farm, and has so continued and remained and still is, but at that time the legal title thereto was in one Henry Wallace, but that plaintiff was in the occupancy of the same, and has ever since continued and remained and still is in such occupancy. That on the 6th day of December, 1879, only three days after the filing of the petition, and before any action had been taken thereon, plaintiff purchased said premises at sheriff's sale, in due form of law, on an execution in the hands of the sheriff

of said county, issued by the clerk of the Porter Circuit Court, on a valid judgment against said Henry Wallace, and no person having redeemed the said premises, on the 13th day of December, 1880, plaintiff obtained a sheriff's deed therefor, and is now the owner in fee and in possession under such deed. It is further averred that the petition for the proposed highway did not set out the name of the owner, occupant or agent of plaintiff's said land; that neither the notices of the filing of the petition, the report of the viewers thereon, nor the order of the board, pretending to locate and establish said highway, set out the name of the owner, occupant or agent of said premises; that neither the report of the viewers, nor the order of the board of commissioners, pretending to locate and establish said highway, designated that the same should be equi-located on the land of adjoining proprietors along the line thereof; that neither the plaintiff nor said Henry Wallace, nor any occupant or agent for either of them, was a party to or named in any of the papers or proceedings to locate and establish said highway; that neither of them had any notice whatever of said proceedings until after the final order of the board of commissioners had been made, locating and establishing said highway; that the board of commissioners had no jurisdiction to establish said highway, and the report of the viewers thereon and the order of the board pretending to locate and establish the same were wholly illegal and void.

"That if said highway be opened and laid out on the route designated, plaintiff would be required to build forty (40) rods of additional fence; it would occupy about one-half acre of valuable land, and would subject him to many inconveniences, to his damage of at least $100, without resulting in any benefit whatever to him or his said land. That the defendant Ablet has given plaintiff notice in writing to remove the fence from his said land, where the same abuts against said highway, and set it back twenty feet, and in case he fails so to do said Ablet will enter on his premises, under

claim and color of right, by virtue of the order of the board of commissioners pretending to locate such highway, and remove the fence therefrom and open said highway across the same; that said defendant intends and threatens so to do and will unless enjoined therefrom by an order from court; that if said highway be opened over and across plaintiff's said premises, he would be greatly damaged without any adequate means of redress; that his enclosure would be exposed and subjected to numerous trespasses by the public, and he would be required to institute a multiplicity of suits to restrain the same; that his crops, which were then growing and which were annually raised on said land, would be exposed to injury and destruction without any means of recovery therefor; that if said pretended highway be so thrown open over and upon plaintiff's land as aforesaid, it would constitute a cloud upon his title thereto.

" That the defendant Ablet is insolvent, and a judgment against him would be wholly worthless; that the proceedings and order of the board of commissioners pretending to establish said highway constitute a cloud upon plaintiff's title to his said land, which damages and obstructs the sale of the same. It is further averred that the pretended highway would run for the most part through a low, wet marsh, and it would require an outlay of a great amount of public money and labor to put the same in condition suitable for travel; that two large bridges would have to be constructed thereon in order that it might be travelled at all, which would necessitate an expenditure of a great amount of public money and labor; that plaintiff's said land is situated on the line of said highway for a distance of forty rods, extending westward from the eastern terminus thereof, and unless the same be opened over and upon his said premises there will be no sufficient outlet or opening at the east end, and said highway would be of no benefit or advantage to the public whatever, and money and labor expended in putting the same in condition for travel would be uselessly expended and thrown away; that defend-

McIntyre *v.* Marine *et al.*

ants have already commenced work on portions of said pretended highway, and have already expended considerable public labor thereon, and they threaten, and intend, and are about to continue such work and open said highway along the entire line, and expend a great amount of money thereon from the treasury of said county, and especially from the treasury of the township in which said highway was located, which they would do unless enjoined therefrom by an order of the court. Wherefore plaintiff asked that said defendants, and their successors in office, and all persons acting by, through and under them, be forever and perpetually enjoined from opening said pretended highway, and from laying out and expending public money and labor thereon, and that they be especially enjoined from opening said pretended highway over and across plaintiff's said land, and from removing or interfering with his fences thereon, and that the order of the board of commissioners pretending to establish said highway be declared illegal and void."

The appellees severally demurred to the complaint. Their demurrer was sustained. To this ruling the appellant excepted, and, declining to amend, judgment was rendered in favor of the appellees for their costs.

Boards of county commissioners have jurisdiction to locate, vacate and change public highways in their respective counties. In the location, vacation or change of highways ample opportunity is afforded, either before the county board or upon appeal to the circuit court, for the settlement of all questions relating to jurisdiction, public utility and damages. The proceedings of the county board, in such case, are invulnerable on collateral attack, such as is attempted in the present case, unless the averment of facts in the complaint show that such proceedings are absolutely void.

The proceedings of the county board in establishing the highway in controversy are assailed in the appellant's complaint upon two grounds, namely:

1. That neither the petition for the proposed highway, the

McIntyre *v.* Marine *et al.*

notice thereof, the report of the viewers thereon, nor the order of the county board locating the same contained the name of the owner, occupant, or agent of the appellant's land.

2. That neither the report of the viewers, nor the order of the county board establishing the highway, designated that the same should be located equally upon the lands of adjoining proprietors.

The act of 1859 (Acts 1859, p. 113), amending section 15 of the act of June 17th, 1852, relating to the opening, vacating and changing of highways, does not require the petition to state the names of the owners, occupants or agents of the lands over which the proposed highway passes. Section 15, as amended in 1859, appears in the Revised Statutes of 1881 as section 5015.

The Legislature in 1867 (Acts 1867, p. 135) attempted to amend said section 15, by requiring the petition to contain the names of the owners, occupants or agents of the lands affected by a proposed highway, but this amendment was void, as it lost sight of the amendment of 1859. *Ford* v. *Booker,* 53 Ind. 395; *Cowley* v. *Town of Rushville,* 60 Ind. 327. Still, however, before the attempted amendment of 1867, this court held, in *Hays* v. *Campbell,* 17 Ind. 430, that a petition for a highway running in but one county, as well as a petition for a highway running in more than one county, should contain the names of the owners, occupants or agents of the lands over which such highway passed. We think the reasoning in that decision was correct, and adhere to it.

The appellant's complaint shows that in the petition for the establishment of the highway complained of, its beginning, course, termination and width were correctly stated; and as the fact is not controverted, we may presume also that it contained the names of the owners, occupants or agents of all lands affected by the highway, except the name of the owner, occupant or agent of the appellant's land. And as it is not disputed, we may also presume that the notice of the proposed highway contained all the facts stated in the petition. Such

notice is not required to be served personally on those interested, but may be published in a newspaper or posted at three of the most public places in the vicinity of the highway. It is competent for the Legislature to prescribe what notice shall be sufficient in such case, and, when given in accordance with the legislative direction, all interested are conclusively presumed to be informed of all that the notice contains. The question whether Wallace or the appellant had actual notice is not material. If, upon the supposition they have seen and read such notice as was given, and if it was sufficient to apprise them, or either of them, of the proposed highway, and that the land, then Wallace's, now the appellant's, would be affected thereby, then we must hold that the notice was sufficient to sustain the validity of the proceedings before the county board as against a collateral attack.

The description of the highway in the petition and notice, and description of the appellant's land, show that such land is located at the east terminus, and on the south side of the highway, and that a strip twenty feet wide is taken for such highway off the north end of the land. As there is no averment to the contrary in the appellant's complaint, we may further presume that Wallace, who owned the land, and the appellant, who occupied it, both knew its description; and this leads to the conclusion that the notice was sufficient to inform them of the proposed highway, and of the manner in which it was to affect such land. If Wallace, or perhaps the appellant, had appeared to the proceedings establishing the highway, and, at the proper time, had objected to the omission in the petition of the name of the owner, occupant or agent of the land then owned by Wallace, the objection no doubt would have been fatal to the proceedings. *Hays* v. *Campbell, supra; Hughes* v. *Sellers,* 34 Ind. 337. But the case is quite different where the attack upon the proceedings comes indirectly. As against such attack, the proceedings should be upheld, unless it is shown that the petition and notice were wholly insufficient to inform those interested of

the proposed highway and the manner in which they would be thereby affected. Recent decisions of this court, though not directly in point, go very far toward sustaining this view. *Sparling* v. *Dwenger*, 60 Ind. 72; *Suits* v. *Murdock*, 63 Ind. 73; *Miller* v. *Porter*, 71 Ind. 521; *Porter* v. *Stout*, 73 Ind. 3; *Argo* v. *Barthand*, 80 Ind. 63; *Schmidt* v. *Wright*, 88 Ind. 56. The cases of *Crossley* v. *O'Brien*, 24 Ind. 325, *Wild* v. *Deig*, 43 Ind. 455 (13 Am. R. 399), and *Schmied* v. *Keeney*, 72 Ind. 309, strongly support the conclusion that the omission of the name of an owner, occupant or agent of land, in a petition for establishing a highway, does not render the proceedings void.

The second objection made in the appellant's complaint to the proceedings before the county board is not discussed in the brief of his counsel, and may be regarded as waived.

Our conclusion is that the demurrer to the appellant's complaint was properly sustained.

Judgment affirmed, at the appellant's costs.

