Conaway v. Ascherman *et al.*

No. 9140.

## CONAWAY v. ASCHERMAN ET AL.

SUPREME COURT.—*Answer to Assignment of Errors.—Defective Certificate.*—It is no answer to an assignment of errors to allege that the clerk's certificate is not dated with certainty.

. SAME.—*Appeal.—Notice.—Co-party refusing to Join.*—Where an appeal is taken during term time, and an appeal bond and the transcript are filed within the time fixed by the trial court, by some only of the parties to the judgment, the other parties may be made co-parties to the appeal without notice by joining them as appellees in the assignment of errors.

SAME.—*County Commissioners.—Highway.*—Where, in a highway case appealed to the circuit court, the county commissioners are ordered to pay a certain part of damages assessed in favor of a land-owner, that fact does not make such board a proper party to an appeal to the Supreme Court.

HIGHWAY.—*Description of Location.—Certainty.*—It is sufficiently certain, in a petition for a highway, to so describe the proposed highway that a surveyor may locate the same.

SAME.—*Petition.—Notice.—Public Utility.—Owners' Names.*—Such petition need not aver that notice has been given, nor that the proposed highway will be of public utility, but should state the names of the owners of lands over which it will run, even in cases where the location of a highway is asked to be changed.

SAME.—*Essential Averment.—Petitioners.*—Such petition should aver not only that the petitioners are freeholders, but that six of them reside in the immediate neighborhood of the highway, or it will be fatally defective.

From the Ohio Circuit Court.

.J. B. *Coles* and W. S. *Holman*, for appellant.

S. R. *Downey* and R. L. *Davis*, for appellees.

ELLIOTT, J.—Questions are made in this court by answers filed to the assignment of errors, which first require attention.

The answer of Charles French shows that he was not a party to the action in which the judgment was rendered and that he disclaims all interest in the controversy. The record sustains this answer, and as to him the appeal is dismissed and judgment will go in his favor for costs.

The other appellees answered the assignment of errors in four paragraphs. The first is that the certificate of the clerk is not dated upon a "day certain or ascertainable." This we

regard as an insufficient answer, for the reason that the date
of the certificate does not affect the substantial rights of the
parties.

· The second paragraph is that there is a defect of parties in
this, that Oatman and Cutler, who were plaintiffs below, are not
made parties to the appeal.   We find the names of these ap-
pellees duly given in the assignment of errors, and that
brings them before the court, for the reason that the appeal
was taken during the term.   We gather from the record
these dates:  Judgment was rendered on the 11th day of
September, 1880, and the appellant was given until the first
Saturday of the then ensuing term to file an appeal bond.
The bond was filed within the time prescribed, and the tran-
script was filed in this court on the 16th day of December,
1880, less than sixty days after the filing of the appeal bond.
As the appeal was taken in such a manner as to render a no-
tice unnecessary, nothing more was requisite than to prop-
erly name the parties in the assignment of errors.

It is argued that the answer presents a question of fact for
trial.   We think otherwise.   Where the face of the record
fully shows that the appeal was so taken as to render notice
unnecessary, and the assignment of errors shows that the par-
ties are properly named and included therein, the court will
decide the question upon the record unless there is a plea di-
rectly impeaching the record in some method and for some
cause recognized by the rules of law.

The third paragraph of the answer alleges that the board
of commissioners were directed to pay $100 out of the county
treasury as the share of the county towards paying the dam-
ages assessed in favor of property owners injured by the
opening of the highway described in the petition, and they
are not made parties to this appeal.   The answer is plainly
bad.   It was not necessary to make the commissioners parties.

Having disposed of these preliminary questions we now
come to the main case.

The appellees petitioned the board of commissioners of

Ohio county to change and relocate a highway, and the appellants appeared before the board and resisted the petition. Their first step was to move to dismiss the petition for the following reasons: 1st. The petition does not state sufficient facts. 2d. The petition does not fully set out the names of the owners of the land through which it is proposed to change the highway. 3d. The petition does not set out the names of the owners of the land over which the highway sought to be changed is located. 4th. Because the description of the proposed highway is not sufficiently definite. 5th. The petition does not sufficiently describe the way sought to be vacated. 6th. The notice of the petition was not sufficient. 7th. The change is not of public utility. 8th. The petition is not signed by twelve freeholders. 9th. The petition does not state that the change will be of public utility. This motion was overruled by the commissioners, was renewed in the circuit court on appeal, and again overruled, and the question properly saved.

The description of the line of the proposed highway is reasonably certain, and this is sufficient, for technical accuracy is not required. A description which is sufficiently definite to enable a surveyor to locate the highway is all that the law requires. *Farmer* v. *Pauley,* 50 Ind. 583; *Sowle* v. *Cosner,* 56 Ind. 276; *DeLong* v. *Schimmel,* 58 Ind. 64; *Scraper* v. *Pipes,* 59 Ind. 158; *McDonald* v. *Wilson,* 59 Ind. 54.

The law does not require that the petition shall contain any averment as to notice.

It is not necessary for the petition to aver that the proposed road will be of public utility. *Bowers* v. *Snyder,* 88 Ind. 302. The question as to whether the road will or will not be of public utility may be made an issue, but the statute does not require that this averment should be made in the petition, although it does require that in the proper case this fact shall be established. The question of utility is to be referred to the viewers and must be passed upon by them. R. S. 1881, secs. 5016, 5023.

The petition should state the names of the property-own-ers over whose lands the proposed way will be located. This is true of cases like this, where the change and relocation of a highway will vacate an existing way running over the lands of more than one person, and relocating it upon lands held by two or more different owners. *Hays* v. *Campbell*, 17 Ind. 430; *Hughes* v. *Sellers*, 34 Ind. 337.

The petition should show that the petitioners are freehold-ers, and that six of them " reside in the immediate neighbor-hood of the highway proposed to be located, vacated, or of the change to be made." R. S. 1881, sec. 5015. This is necessary in order to make it appear that the petitioners have an interest in the subject-matter of the legal controversy which the pe-tition initiates. Without such an allegation it can not be known that there is any right or even color of right in the petition-ers to set the machinery of the law in motion. It is a famil-iar rule, pervading all branches of the law, that one who in-vokes the assistance of the courts must show that he has an interest in the subject-matter upon which he asks the court to pass judgment. If it were otherwise, mere strangers might apply to the courts to the vexation of those whom they chose to harass by litigation. Another familiar rule is that one who asks a right under the statute must show himself to be a member of the class embraced within the statutory provi-sion. Unless there are such averments as we have mentioned, it will not appear that the petitioners are entitled to petition for the road. *Early* v. *Hamilton*, 75 Ind. 376.

There is a plain and important difference between a direct and a collateral attack upon the judgment of a board of com-missioners in laying out highways, and in losing sight of this difference the trial court was led into confusion and error. Many errors and irregularities are fatal where the attack is a direct one which would not receive consideration in a collat-eral attack.

Many defects are waived by failing to object at the proper time, but in this case the objections were made at the earliest

stage of the proceedings, were kept up throughout the case, and have been properly saved by a bill of exceptions seasonably filed.

The petition is fatally defective for the reasons indicated, and, for the error in overruling the motion to dismiss, the judgment must be reversed.