## McDonald *v.* Wilson et al.

Highway.—*Petition for Location.*—A petition to locate a highway should describe the highway with sufficient certainty to enable a practical surveyor to run it.

Same.—*Arrest of Judgment.*—Petition to locate a highway in a township named, commencing at a point in a certain highway described, "south of, and adjacent to, the right of way" of a railroad named, running thence, etc., to intersect and connect with another highway described, "to be so widened or turned southerly, at or near its terminus, as to make a safe and convenient passage from one highway to the other," said highway to run through and affect lands owned by, etc.;

*Held,* on motion in arrest of judgment, on appeal to the circuit court, that the petition did not describe the starting point or the terminus with sufficient certainty.

From the Porter Circuit Court.

*Merrifield & Johnston,* for appellant.

*Winfield & Johnston* and *A. L. Jones,* for appellees.

Biddle, C. J.—Petition to locate a highway; remonstrance; viewers appointed; report made; the appellant claimed damages; reviewers appointed; report made; damages allowed; highway established by the board of commissioners and ordered to be opened; appeal to the circuit court; highway established by the court and ordered to be opened; the appellant moved in arrest of judgment; his motion was overruled, and he excepted; appeal to this court.

Overruling the motion in arrest of judgment is assigned as error. Under this assignment, the appellant contends that the petition to establish the highway is insufficient. It is in the following words:

"We, the undersigned, resident freeholders of Westchester and Pine townships, in Porter county, Indiana, respectfully petition the board of county commissioners of said Porter county to locate and open a highway in Westchester township, as follows: Commencing at a point in the highway located on the line between the east half and the west half of the north-east quarter of section twenty

McDonald v. Wilson et al.

(20), township thirty-seven (37) north, of range five (5) west, Porter county, Indiana, south of, and adjacent to, the right of way of the Michigan Central Railroad, running thence in a south-westerly course, along the south side of said right of way, about two (2) miles, more or less, to intersect and connect with the highway running between Chesterton and City West, and to be so widened or turned southerly, at or near its terminus, as to make a safe and convenient passage from one highway to the other; said highway will run through and affect lands owned by H. R. McDonald, Gerry Wilson, Henry Wilson, E. L. Turner, Michigan Central Railroad Company, James Maroney, Johanna Maroney and John Maroney."

The words, "south of, and adjacent to, the right of way of the Michigan Central Railroad," are too indefinite to fix the starting point of a public highway, and the words, "to be so widened and turned southerly, at or near its terminus, as to make a safe and convenient passage from one highway to the other," are too uncertain to fix its terminus. Such a petition should describe the highway sufficiently certain to enable a practical surveyor to run it. This is necessary to the rights of parties who may be affected by the road. The words "adjacent to," and "at or near," are relative, and would have different meanings under different circumstances. *Hays* v. *Campbell*, 17 Ind. 430; *Farmer* v. *Pauley*, 50 Ind. 583; *Scraper* v. *Pipes*, *post*, p. 158.

The motion in arrest of judgment should have been sustained. When such a petition is so defective that the highway can not be located accurately, this practice is correct. *Shute* v. *Decker*, 51 Ind 241.

The judgment is reversed, at the costs of the appellees, and the cause remanded with instructions to sustain the motion in arrest of judgment.