Amos and wife vs. The City of Fond du Lac.

AMOS and wife vs. THE CITY OF FOND DU LAC.

| 46 | 695 |
|-----|-----|
| 115 | 232 |

CITY CHARTER: HIGHWAY: PLEADING. *Who liable for injuries from defective sidewalk. (1) Who bound to keep sidewalk in repair. (2) Condition of lot-owner's liability. (3) Matter of defense not to be negatived in complaint. (4) Against whom complaint states cause of action. (5) Exhausting right of action against nonresident lot-owner.*

1. The charter of the city of Fond du Lac does not impose upon lot-owners the duty of keeping their sidewalks in repair, unless it be in the case of a sidewalk built by order of the common council or street commissioner.

2. The liability of the owner or occupant of a lot in said city, for injuries resulting from the unsafe condition of his sidewalk, in any case, depends upon his having had "due notice."

3. In an action against the city for such injuries, the facts that the lot-owner is liable, and that plaintiff has not exhausted his remedies against him, are matter of *defense*, and need not be negatived in the complaint.

4. In such an action, the ·complaint describes the walk in question as one constructed of wooden planks, and as part of one of the principal thoroughfares of the city, and alleges that a portion thereof, in front of a specified lot, was defective in this, that "the planks were old, decayed and rotten, with holes and openings down and through the same," and in particular that there was one hole, "oblong in shape, and about fourteen inches long,·and about four inches wide in the widest part, and of lessened width towards each end thereof." It then alleges that the planks at this place were about ten inches above the surface of the ground; that the walks had been in this condition for more than six months; and that the injury was caused by stepping into the hole above described. It then states facts to show an attempt to serve a summons by the hands of the sheriff, as in an action against the lot-owner for such injuries, and the failure of service because said lot-owner is a nonresident and not found within the state. It does not allege that said sidewalk was constructed by order of the city, nor that the lot-owner *had any notice* of its defective condition. *Held*, that it does not show that plaintiffs have any right of action against said lot-owner, but does show a right of action against the city.

5. Whether, in a case where the lot-owner is liable, the issue of a summons against him, which cannot be served by reason of his nonresidence, would be a sufficient compliance with the requirements of sec. 1, ch. XIV of the charter of 1876, so as to authorize an action against the city, not considered.

APPEAL from the Circuit Court for *Fond du Lac* County.

The plaintiffs are husband and wife, and brought this action to recover damages for an injury to the plaintiff wife, alleged in the complaint to have been caused by a defective sidewalk in a public street of the defendant city, in front of and adjoining lot 22 in a certain block therein. The nature of the defect in the sidewalk, the manner in which the injury was inflicted, and the special damages suffered thereby, are particularly stated in the complaint. It is also alleged therein, that the sidewalk had been in such defective condition for more than six months before the injury; that the city carelessly and negligently suffered it to remain so; and that *Mrs. Amos*, when injured, was passing carefully along such sidewalk. The complaint also contains the following averments:

" And the plaintiffs further show, that at the several times hereinbefore stated, and from the twentieth day of May, 1876, up to the present time, one Phila. C. Moore was owner in fee of said lot 22 above described, fronting and adjacent to said portion of said sidewalk, so insufficient, defective and in want of repair as aforesaid, and that, before the commencement of this action, and on or before the twelfth day of January, 1878, the above named plaintiffs made and issued a summons for relief in the usual form, for said injuries, and to recover damages therefor, in the circuit court of Fond du Lac county, wherein the above named *Thomas Amos* and *Fidelia Amos* were plaintiffs, and said Phila. C. Moore was defendant, and caused said summons to be placed in the hands of the sheriff of Fond du Lac county for service on said Moore; and that on or about the 29th of January, 1878, the said sheriff made return to and upon said summons, that, after careful and diligent search, the said Phila. C. Moore could not be found within the state of Wisconsin, that no place of abode of said Moore within the state of Wisconsin could be found by him, and no member of the family could be found by him at the last and usual place of abode of said Moore in said state. And the plaintiffs further show that at the several times hereinbefore

stated, and from on or about the twentieth day of May, 1876, up to the present time, the said Phila. C. Moore was not a resident of the state of Wisconsin, but was during all that time, and still is, a resident of the state of Massachusetts, and beyond the jurisdiction of this court. Wherefore the plaintiffs demand judgment against the defendant for five thousand dollars, besides the costs and disbursements of this action."

The defendant demurred to the complaint, on the grounds that it did not state a cause of action, and that there was a defect of parties defendant. The last ground was not pressed in the argument of the appeal, and is not noticed by the court. The demurrer was overruled, and the defendant appealed.

For the appellant, there was a brief by *F. F. Duffy,* and oral argument by *Edward P. Vilas.* They contended that sec. 1, ch. 14 of the defendant's charter, as amended by ch. 102 of 1876, relieved the defendant from liability for the injury to plaintiff until all legal remedies should be exhausted to collect the damages from Moore, the owner of the lot; and that, the cause of action sounding in tort, and the defendant not being found within this state, but having property here, plaintiff should have proceeded by publication of summons, and attachment, under ch. 29, Laws of 1868. The complaint cuts off even the inference that the lot in question may have been exempted as a homestead or otherwise, by alleging Moore's actual and long-continued nonresidence. It alleges the defect in the sidewalk to have been patent for six months before the accident, and thus charges the owner with notice. It cannot be contended that his mere nonresidence excused his neglect of duty in the premises, or relieved him from liability.

For the respondents, there were briefs by *Gilson & Ware,* and oral argument by *Mr. Gilson.* They contended, 1. That the complaint did not bring the case within the prohibition intended by sec. 1, ch. 14 of the city charter as amended in 1876. (1) The defective condition of the sidewalk is not al-

leged to have been caused by the wrong, default or negligence of the lot-owner, but by the negligence of the defendant. (2) " Due notice" to the lot-owner is not alleged. If such notice relates to the defective condition of the walk, the averments that such condition had existed for six months before the injury, and that the owner had been absent from the state over a year, repel the presumption of knowledge on his part. But the due notice required is that which the street commissioners must give the lot-owner to rebuild or repair the sidewalk within a certain time, or that the same will be done by the city and charged to the lot. (3) While the latter part of the section, following the common law, makes the owner or occupant of the lot *liable over* to the city for damages resulting from his neglect to repair after due notice, the former part of the section does not enjoin upon lot-owners the duty of keeping in repair their *sidewalks*, but only their *premises*. (4) Even if the lot-owner were shown to be liable, yet, to authorize an attachment under ch. 29 of 1868, there must be shown a " wrongful act sounding in tort *committed* by defendant or his agent," and not a mere passive neglect to repair a sidewalk which had decayed from lapse of time. *Pa. Railroad Co. v. Sinclair*, 8 Cent. L. J., 237–8, and cases there cited. Moreover, it does not appear that the lot, which may have been a homestead, was subject to attachment. 2. That the provision of the charter relied upon by defendant, if construed as relieving the city from primary liability for its omission to keep the sidewalks in repair, was invalid. The general liability of cities for injuries arising from defective highways within them, has long been settled in this state. *Cuthbert v. Appleton*, 22 Wis., 642; *Benedict v. Fond du Lac*, 44 id., 495. The legislature has no power to exempt one particular corporation from the operation of this general law. *Durkee v. Janesville*, 28 Wis., 464; *State v. Bartlett*, 35 id., 287; *Rooney v. Supervisors*, 40 id., 23; *Kimball v. Rosendale*, 42 id., 407. The city being liable, upon general principles of law, for injuries

arising from neglect of its corporate duty, any statute which clogs or embarrasses the remedy, so as to make it unavailing or worthless, violates sec. 9, art. I of the constitution. *Oatman v. Bond*, 15 Wis., 20.

LYON, J. The charter of the city of Fond du Lac contains the following sections, both of which were in force when the alleged cause of action arose, and when the action was commenced:

" Section 11. Nothing in the preceding sections contained shall be so construed as to relieve the owners or occupants of any real estate from the duty of keeping their respective premises at all times in a safe condition, and in a good and thorough state of repair; but such duty is hereby expressly enjoined and imposed upon all such owners and occupants; and if at any time injury shall be sustained by any individual, or the city shall be subjected to any damages, in consequence of the neglect of any such owner or occupant to repair or keep such sidewalk in a safe condition after due notice, such owner or occupant guilty of any such negligence shall be liable for such damages, and the same may be recovered by suit in any court of competent jurisdiction." City Charter of 1868, ch. XIII, sec. 11. (P. &. L. Laws of 1868, p. 132.)

" Section 1. Whenever any injury or damage shall happen to any person or property in said city of Fond du Lac, by reason of any insufficiency, want of repair, defect or incumbrance of any street, sidewalk, alley, or public ground, or from any cause for which the city would be liable, and such insufficiency, want of repair, defect or incumbrance, or other cause of such injury or damage, shall arise from or be produced or caused by the wrong, neglect of duty, default or negligence of any person or corporation, such person or corporation so guilty of such wrong, neglect of duty, default or negligence, shall be primarily liable for all damages for such injury, and the person sustaining such damages shall have the

right to sue for and recover the same against such person or corporation in any court having jurisdiction thereof, and the said city shall not be liable therefor until all legal remedies shall have been exhausted to collect such damages from such person or corporation." City Charter, ch. XIV, sec. 1; Laws of 1876, p. 198.

If the lot-owner is primarily liable under sec. 1 above quoted, that is regularly matter of defense in an action brought in the first instance against the city to recover damages for an injury, and such primary liability need not be negatived in the complaint. Hence, a complaint in an action of this nature is not demurrable for that reason, if it fails to negative it. Independently of the averments concerning the ownership of lot 22, and the attempt to commence an action for the same cause against such owner, the complaint in this action undoubtedly states a cause of action against the city; and it states a cause of action notwithstanding those averments, unless it appears from the complaint that the owner of lot 22 is primarily liable for the injury complained of. The question to be determined is, therefore, whether the complaint shows on its face that the owner of lot 22 is thus liable for such injury.

In *Hincks v. Milwaukee*, decided at the present term (*ante*, p. 559), we had occasion to consider a provision in the charter of that city identical in principle, and nearly so in language, with section one above quoted. In that case we held that the provision is valid, but that it is restricted in its operation "to a case where the party causing the defect holds no contract relation with the city, as where the owner or occupant of the adjoining lot creates the nuisance." We also were inclined to the opinion that the provision "was intended to include a case where the obstruction is placed in the street by the owners of adjoining lots while making some improvement for their own convenience or benefit, with which the city has nothing to do." If that is the only purpose of the provision, the

present case is not within it; for no act of the lot-owner is complained of, but only his neglect to repair the sidewalk, and that is a matter entirely within the control of the city.

But we choose rather to consider this case on the theory that the lot-owner may, under certain circumstances, be held liable for injuries caused by a defective sidewalk adjacent to his lot, which he has neglected to repair, and that the city cannot be held liable therefor until all legal remedies against the lot-owner have been exhausted.

The basis of such primary liability of the lot-owner is his "wrong, neglect of duty, default or negligence" in respect to the sidewalk; and the question is, whether either of these conditions of liability is alleged in the complaint against the owner of lot 22.

We find no provision in the charter of the city of Fond du Lac requiring a lot-owner to keep the sidewalk in front of his lot in repair, unless it is contained in sec. 11, ch. XIII of the charter, above quoted. That section expressly enjoins and imposes upon the owners or occupants of any real estate the duty "of keeping their respective *premises* at all times in a safe condition, and in a good and thorough state of repair." The word *premises*, as used in the section, and as applicable to this case, is evidently synonymous with *lot*, and does not necessarily include the adjacent street and sidewalk. Sec. 1 of the same ch. XIII speaks of lots fronting on a sidewalk, and sec. 2 mentions lots or parts of lots fronting or opposite a street. These forms of expression render it quite clear that it was not intended to include streets and sidewalks in the term *lots* and *premises*, as used in that chapter of the charter.

There is another reason why this construction should be adopted. The duty of keeping the premises in good repair is imposed upon the occupant as well as the owner. This doubtless means one in the exclusive occupation; and premises which cannot be so occupied, could not have been intended. Although lot 22 extends, in fact, to the middle of the street,

yet that portion of it which is included within the limits of the street, cannot lawfully be thus occupied; for such occupancy would be entirely inconsistent with the use of the street by the public. This view is sustained by the judgment of this court in *Weisbrod v. Daenicke*, 36 Wis., 73, where a like construction was given to the homestead exemption law.

If, therefore, the duty of repairing the sidewalk in question was upon the owner of lot 22, it was so by virtue of the last clause of sec. 11. That clause subjects the owner or occupant of any premises to liability for damages resulting from his neglect "to repair or keep *such sidewalk* in a safe condition, after due notice." What is meant by the term "such sidewalk?" Sidewalks are not mentioned elsewhere in sec. 11; neither are they mentioned ·in the chapter of which that section is a part, except in secs. 1 and 2. Section 1 gives the common council power to establish and change the grade of any sidewalk, and sec. 2 authorizes the street commissioner to order, construct and build, in the manner therein prescribed, all sidewalks, and cause them to be raised, lowered, or placed on the established grade. The conclusion seems inevitable that the phrase "such sidewalk," in sec. 11, must mean those particular sidewalks mentioned in secs. 1 and 2.

The complaint does not allege that the sidewalk in question was built by order of the common council or street commissioner, and hence it does not appear that it is one which, under the charter, the owner of lot 22 was bound to keep in repair, or concerning which he was bound to any duty, or subjected to any liability.

But, were this otherwise, the liability of the lot-owner, under sec. 11, depends upon due notice. We do not stop to inquire what this notice should be, or the manner in which it must be given. It is sufficient, for the purposes of this appeal, to say that no notice whatever to the lot-owner to repair the sidewalk is alleged in the complaint.

The facts alleged in the complaint as to the ownership of

lot 22, and the attempt to commence an action against such owner to recover damages for the injuries complained of, contain no element of an estoppel. Notwithstanding those allegations, the plaintiffs may still be heard to maintain that no cause of action against such owner is stated in the complaint.

We do not determine whether the issuing of a summons against the lot-owner who is primarily liable in such a case, which summons cannot be served because of the nonresidence of the defendant, is a sufficient compliance with the requirements of sec. 1, ch. XIV of the city charter in that behalf. In the view we have taken of the case, we do not reach that question.

Because it does not appear that the owner of lot 22 is primarily liable for the injury complained of, and because the complaint states a cause of action against the defendant city, the demurrer thereto was properly overruled.

*By the Court.* — Order affirmed, and cause remanded for further proceedings.