The plaintiff's railroad tracks run through an open cut fifteen feet deep in a street known as the Terrace in the city of Buffalo. This cut is protected by stone walls along the edge thereof three feet high, surmounted by an iron fence of equal height, erected in the first instance by the railroad company and subsequently maintained by the city. On October 24, 1904, the common council of Buffalo adopted a resolution, which was duly approved by the mayor, directing the commissioner of public works to cause the New York Central and Hudson River Railroad Company to be notified to construct a concrete sidewalk along the open cut in the Terrace within ten days, and if not done in that time to cause the same to be done and the expense to be assessed upon the property benefited.
The notice was given, the railroad company did not comply with its requirements, the city constructed the concrete sidewalk and the cost of the work was assessed against the tracks of the plaintiff in the Terrace and in some other streets. Upon this appeal we are concerned only with the validity of the assessment upon the tracks in the Terrace.
The authority for the assessment is supposed to be found in section 288 of the charter of the city of Buffalo, as amended in 1901. (Laws of 1901, chap. 228.) That section makes it the duty of "the owner or occupant of *Page 262 
any premises in the city" whenever such work shall be ordered by a resolution of the common council "to lay and relay sidewalks in front of such premises" and at all times to keep and maintain the same in good order and repair. "In case any such work shall not be done within the time specified in such notice * * * said commissioner of public works may cause such work to be done, and the expense thereof shall be a charge and lien upon such premises." The same section also requires that the assessment therein provided for shall be laid "upon the lands and premises in front of which the work is done, according to the lineal frontage."
In the present case the plaintiff railroad company has been treated as the owner or occupant of premises within the meaning of this statutory provision because of its ownership of the tracks which run along the bottom of the open cut in the Terrace.
We are of opinion that the action of the Special Term and the Appellate Division is based upon a misapplication of the charter provision which is not warranted by the language thereof. The plain import of section 288 of the Buffalo charter so far as the laying down of a new sidewalk is concerned is that the common council may impose this obligation only upon the owners or occupants of property who actually own or possess land fronting upon the street in which the new sidewalk is to be constructed. It seems to us a forced and wholly unwarrantable interpretation of the term "premises" to apply it to railroad tracks which merely constitute the tangible part of a railroad company's special franchise to occupy a city street. Ownership of the street is not in the railroad company; nor does the railroad company exclusively occupy any portion thereof except that which lies directly under the rails. These tracks do not seem to us to be premises within the true meaning and purport of the statute; yet it is these tracks, and these alone which are the subject of the assessment in question here. The provision *Page 263 
is applicable to cases of the ordinary owner or occupant of land on the side of a public street in front of whose land a new sidewalk is to be constructed, and not at all to the grantee of a special franchise enjoying simply an easement in the middle of the street.
The requirement that the assessment shall be laid upon the land and premises in front of which the work is done according to the lineal frontage further confirms the view that such a condition of things as exists in the present case does not fall within the scope of the charter provision. Railroad tracks cannot fairly be said to have any "frontage." The learned judge who heard the case at Special Term declared that the railroad company was the exclusive occupant of the lands bounded by the retaining wall of the cut and that this piece of real estate constituted definite premises, accurately described; but the mere fact that it is not convenient for the public to travel through that part of the Terrace occupied by the cut does not make the railroad company the exclusive occupant thereof in a legal sense and as a matter of right. As we have pointed out, the assessment in question is not laid upon any land in the cut, but applies solely to the tracks of the railroad company. This expressly appears in the findings.
For these reasons, without passing upon any of the other questions in the case, we have reached the conclusion that the tracks of the plaintiff could not lawfully be assessed for the expense of constructing the so-called sidewalks along the open cut in the Terrace. It follows that the judgment, so far as appealed from, should be reversed, with costs, and that judgment should be rendered in favor of the plaintiff in accordance with the prayer of the complaint.
HISCOCK, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur; CHASE, J., dissents.
Judgment accordingly. *Page 264