RETA E. CASEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   January 25, 1926. — February 25, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Snow and Ice.   Negligence,* Street railway.   *Words,* "Premises," "Ways."

Section 21 of G. L. c. 84 does not require the notice in writing described in the preceding sections of the statute as a prerequisite to the maintenance against a street railway company of an action by one who, when alighting from a street car, was injured by slipping on ice negligently permitted by the street railway company to be on a step of the car.

TORT for personal injuries suffered when the plaintiff slipped on ice on the steps of a street car of the defendant from which she was alighting.   Writ dated May 17, 1923.

In the Superior Court, the action was tried before *Cox,* J. Material evidence and exceptions by the defendant are described in the opinion.   There was a verdict for the plaintiff in the sum of $1,750.   The defendant alleged exceptions.

*L. Powers,* for the defendant.

*R. P. Dellinger,* for the plaintiff.

CARROLL, J.   The plaintiff was injured by slipping on ice on the steps of a passenger car from which she was alighting. No notice, in compliance with the provisions of G. L. c. 84, § 21, was given.   The defendant contended that such a notice was required, and on this ground moved for a directed verdict.   The jury found for the plaintiff.   The case is in this court on the defendant's exception to the refusal to allow the motion.

G. L. c. 84, § 21, provides in effect, that the three preceding sections so far as they relate to notices of injuries resulting from snow and ice "shall apply to actions against persons founded upon the defective condition of their premises, or of adjoining ways, when caused by, or consisting in part of, snow or ice."   The written notice required by this section concerns "premises" and "adjoining ways."   Although the

word "premises" generally has reference to real estate, *Sumner* v. *Williams,* 8 Mass. 162, 174, *Carr* v. *Roger Williams Ins. Co.* 60 N. H. 513, 520, *Robinson* v. *Mercer County Mutual Fire Ins. Co.* 3 Dutch. 134, 141, it may have different meanings, dependent upon its connection and the.object to which it is applied. *Old South Association* v. *Codman,* 211 Mass. 211, 216. But neither the word "ways" nor "premises" applies to the cars of the defendant in use for the conveyance of passengers. It was not intended by this statute that a written notice must be given to a common carrier of passengers as a condition precedent to recovery of damages, when a passenger was injured by slipping on ice or snow on its cars. The car was under the control of the carrier. The carrier is presumed to know its condition. It was a part of its duty to use proper care for the conveyance of its patrons. The reason which requires a written notice to be given to one obliged by law to keep a way in repair, or to the person responsible for the condition of premises who may not know of the injury or when it occurred, and may have no knowledge of the defect caused by snow and ice until after they have disappeared, does not exist in the case of a carrier of passengers, when the defect arises from the condition of its conveyance.

The statute provides that notice may be given by leaving it with the occupant of the premises, or if there is no occupant by pasting it in a conspicuous place thereon. This provision, as well as the purpose for which the statute was enacted, shows that the statute was not intended to apply where a passenger on a car is injured by a defect caused by ice and snow.

*Exceptions overruled.*