JACOBS CONCESSIONS, INC. *v.* UNITED STATES FIDELITY AND GUARANTY CO.

[No. 4, October Term, 1942.]

*Decided November 18, 1942.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, MARBURY, and GRASON, JJ.

*Roszel C. Thomsen,* with whom were *Clark, Thomsen & Smith* on the brief, for the appellant.

*Robert D. Bartlett* for the appellee.

FORSYTHE, J., delivered the opinion of the Court.

The appellant, Jacobs Concessions, Inc., appeals from a judgment of the Baltimore City Court in favor of the appellee, United States Fidelity and Guaranty Company, a body corporate.

The appellant was the holder of a public liability policy issued by the appellee to cover claims for damages for which the appellant legally would be liable arising from bodily injuries, or death, happening on the premises occupied by the appellant, and during the period covered by the policy.

The appellant was engaged in operating under concessions, eight refreshment stands, and a commissary tent, on the Hagerstown Fair Grounds at Hagerstown, Maryland. The premium of $10 for each of the stands, and $25 for the commissary tent, was paid.

On the 9th day of September, 1937, according to the stipulation of facts filed in the case, together with the testimony of Charles Kaufman, while servicing the vari-

ous refreshment stands, a truck was loaded at the commissary tent and proceeded on its way to deliver supplies to one of the stands on another part of the grounds. The truck had crossed over what commonly is known on fair grounds as the "Midway," and proceeded along another way "intending to pass behind other concession stands" to one of the appellant's stands located at another point on the Midway. After the truck had proceeded about thirty-five feet from the commissary tent it broke through a picket fence and injured four persons who were seated at a table within the inclosure of the fence, and on the premises of a concession operated by a brewery company. Those persons later recovered judgments against the appellant.

The agreed stipulation of facts, and the testimony of Kaufman, who was in charge of the truck, is not contradicted, thus presenting a case in which there is no issue as to the facts.

The legal question presented by this appeal involves the construction of the terms of the policy issued by the appellee to the appellant.

According to the terms of the policy, it was "to pay on behalf of the assured all claims for damages for which the assured is legally liable, arising from bodily injury (including death at any time resulting therefrom) suffered or alleged to have been suffered by any person during the policy period, on the premises or elsewhere and caused by the ownership, maintenance or use of the premises or by reason of the conduct on the premises of the assured's business described in the schedule of statements."

The policy contains certain exclusions, the seventh of which provides that the policy did not cover "any loss or expense on account of claims arising from bodily injury * * * caused directly or indirectly elsewhere than on the premises."

Then, under the conditions of the policy a definition of the term premises is given as follows: "Whenever used in this policy the word 'premises' shall be understood

to mean the premises of the Assured (or part thereof) which are covered by the policy and described in the Schedule of Statements, including the sidewalks and other ways adjacent thereto." The Schedule of Statements refers specifically to the premises covered as "Auto Parking and Refreshment Stands," and by later indorsement one commissary tent. The rate of insurance was based entirely on the number of stands, with a flat fee for auto parking.

The question then presented is whether the accident in this case occurred on the premises of the appellant, or on a way adjacent thereto, in contemplation of the policy.

The appellant contends that the way over which the truck was traveling after it had left the commissary tent, comes within the terms of the policy, principally because the course of the truck was within the Hagerstown Fair Grounds, and only a short distance from one of the concessions. The appellee, of course, contends that the accident did not happen on the appellant's premises, or on a way adjacent thereto, and the lower court so held.

In construing what is meant by the words premises, and ways adjacent thereto, it has uniformly been held that those words have different meanings on the connection, and the subject to which they are applied, and in determining the meaning of those words when used in an insurance policy, the courts must bear in mind the subject about which the parties are contracting, and their general purpose. *Frontier Mortgage Corporation v. Heft,* 146 Md. 1, 13, 125 A. 772; 1 *C. J.* 1196; *Old South Assn. v. Codman,* 211 Mass. 211, 97 N. E. 766. The word premises does not necessarily include adjacent streets or sidewalks. *Amos v. City of Fond du Lac,* 46 Wis. 695, 1 N. W. 346. Also the term adjacent is relative, and its exact meaning is determinable by the context in which it is used, and the facts of the particular case, or by the subject matter to which it is applied. *McDonald v. Wilson,* 59 Ind. 54; *United States v. St. Anthony R. Co.,* 192 U. S. 524, 24 S. Ct. 333, 48 *L. Ed.*

548. In *National Optical Co. v. United States Fidelity and Guaranty Co.,* 77 Colo. 130, 235 P. 343, in dealing with a case somewhat similar to the instant case, in which a person was injured by an employee of the Optical Company, while on the business of the company several blocks from the premises of the assured, the court held the insurer was not liable. See also *Nomath Hotel Co. v. Kansas City Gas Co.,* 204 Mo. App. 214, 223 S. W. 975, 982, and *Maryland Casualty Co. v. Texas Fireproof Storage Co.,* Tex. Civ. App., 69 S. W. 2d 826.

In *Doherty's Case,* 294 Mass. 363, 2 N. E. 2d 186, 188, 105 *A. L. R.* 576, a workmen's compensation case, the Act provided that the insured employee would not be entitled to compensation when injuries occurred elsewhere than on, in or about the premises on which his employer had undertaken to execute the work, or which were not under the control or management of the employer. It was there held that since the accident to the employee happened on a public street, it did not occur "on, or in, or about premises" as contemplated by the Act. It was specifically held, under the circumstances of the case, that the premises referred to in the Act did not include public highways, or ways over which the assured had no control.

In this case neither the policy, or Schedule of Statements, give any definite description of the exact premises intended to be covered. The locations of the various stands, their area in square feet, or frontage in linear feet is not given. In the Schedule of Statements it is specifically stated that the "part of the premises covered by the policy" was restricted to auto parking and refreshment stands. That statement, it would seem, leaves no doubt that it was the clear intention of the parties that the only premises covered were restricted to those portions of the Hagerstown Fair Grounds actually occupied by the eight refreshment stands, commissary tent and a parking lot. That also is clearly stated in the definition of premises found in the conditions set out in the policy.

Considering the language used, in connection with the facts and circumstances, and the well known features of public fair grounds, to hold that it was the intention to cover accidents happening anywhere on the fair grounds, would be enlarging the rule as to adjacent premises entirely beyond reason.

From the undisputed facts in this case, it is definitely settled that the accident did not happen on any part of the premises occupied by the appellant, or on any part of the fair grounds over which the appellant had control, nor did it happen by reason of anything that occurred on the premises occupied by the commissary tent, or any of the refreshment stands. But it was caused by something which happened to the truck when it was proceeding over a way not under the control of the appellant. The injuries were inflicted entirely on the premises of another concession. Under those circumstances it cannot be held that the words "adjacent thereto" include the premises of a separate concession.

*Judgment affirmed, appellant to pay the costs.*