CITY OF DETROIT, a Municipal Corporation, Plaintiff,

v.

EMPIRE FIRE & MARINE INSURANCE COMPANY, a Foreign Corporation, Defendant.

Civ. No. 82–70994.

United States District Court, E.D. Michigan, S.D.

March 21, 1983.

Albert Miller, Garan, Lucow, Miller, Seward, Cooper & Becker P.C., Detroit, Mich., for plaintiff.

Allan M. Charlton, Donald J. Morbach & Assoc., P.C., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

COHN, District Judge.

### I.

The question in this case involves the character and use of the 7'3" concrete seawall cap running alongside the north shore of the Detroit River behind Cobo Hall and east of the parking lot along Civil Center Drive and Atwater Street in the City of Detroit. Specifically, the question is whether the seawall is a "way immediately adjacent to" land leased by the City of Detroit to the Bob-Lo Company (Bob-Lo) and covered by a public liability contract of insurance defendant Empire Fire & Marine Insurance Company (Empire) issued to Bob-Lo under which the City of Detroit is an additional insured.[1]

Plaintiff and defendant stipulated to an evidentiary hearing, Fed.R.Civ.P. 43, on the issue of whether the location of the accident which is the subject of the principal case out of which this action for declaratory judgment arises is encompassed in the description of "insured premises" as contained in the Empire policy. The hearing was held on March 3, 1983.[2] It is undisputed that the seawall cap functions as a pedestrian promenade linking Hart Plaza at the foot of

1. On January 20, 1983 the Court ruled from the bench that the City of Detroit's status as an additional insured entitled it to coverage coextensive with that to which Bob-Lo was entitled under the policy.

2. Order For Evidentiary Trial Hearing Re: City of Detroit Motion for Summary Judgment of March 3, 1983.

3. Testimony of Louis Klei, City Engineer of the City of Detroit. *See* Px9, a drawing of the area

Woodward Avenue to the south entrance to Cobo Hall along Civic Center Drive.[3]

### II.

#### A.

Relevant portions of the Empire policy provide:

I. COVERAGE

A. "The company will pay on behalf of the insured all sums of which the insured shall become legally obligated to pay as damages because of

  A. bodily injury or

  B. property damage to which this insurance applies, caused by an occurrence and arising out of the grounds hazard ... and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury...

III. PREMISES OPERATIONS

  a. Foot of Woodward Ave., 661 Civic Center Drive, Detroit, Michigan Dock and Parking[4]

. . . . .

'insured premises' means the premises designated ... and includes the *ways immediately adjoining such premises on land* (emphasis added)

#### B.

The Oxford Companion to LAW defines "way" as:

"A right of passage, or the path along which that right is exercised."

Black's Law Dictionary, Fourth Edition, defines "way" as:

in question including relationship of Hart Plaza, the Detroit River, the seawall cap, Cobo Hall and Civic Center Drive and Atwater Street; and Px11, a photograph of the Detroit River, the seawall cap, the parking lot, Civic Center Drive and Cobo Hall.

4. It is undisputed that the "Foot of Woodward Avenue, etc.," description covers the parking lot located between the seawall cap and Civic Center Drive and Atwater Street.

"A passage, path, road or street. In a technical sense, a right of passage over land."

 The meaning of the words "ways immediately adjoining" depends on the connection and subject to which they are applied. In determining their meaning when used in an insurance policy, the court must consider the subject about which the parties were contracting and their general purpose. *Jacobs Concessions v. United States Fidelity,* 181 Md. 113, 28 A.2d 858 (Md.1942). Insurance policies purporting to cover certain named premises and "ways immediately adjoining" generally cover injuries on sidewalks bounding the particularly described property and on the street bounding the premises, i.e. injuries sustained within the roadway in front of the property. *See United States Fire v. Schnackenberg,* 88 Ill.2d 1, 57 Ill.Dec. 840, 429 N.E.2d 1203 (Ill.1981); *Kahle v. Turner,* 66 Ohio App.2d 49, 420 N.E.2d 127 (Ohio App.1979).

### C.

The premises described in the Bob-Lo/City of Detroit lease include a parcel designated as 'Parcel B' which is the parking lot between the seawall cap and Civic Center Drive and Atwater Street. Bob-Lo leased the parcel to provide parking for its customers. It is clear from the testimony of Louis Klei and the exhibits that the pedestrian promenade is the equivalent of a sidewalk.

### III.

 In construing a contract of insurance it is the court's responsibility to effectuate the intent of the parties. *Roney v. Federal Insurance Co.,* 674 F.2d 587 (6th Cir.1982). There is nothing ambiguous in the language of the policy. The parties intended to enter into a contract of insurance covering accidents which might occur on the parcel leased by Bob-Lo and the sidewalks or access roads immediately ad-

joining this parcel. This certainly was the protection sought by Bob-Lo. The seawall cap, therefore, is a "way immediately adjoining" the premises leased by Bob-Lo. Since the City of Detroit is entitled to coverage coextensive with that to which Bob-Lo is entitled, it is entitled to the protection of the policy for that portion of the seawall cap adjacent to parcel B.

Accordingly, for the reasons above and stated on the record at the evidentiary hearing, summary judgment will be GRANTED in favor of plaintiff. Plaintiff shall draft and submit to the Court the appropriate judgment.[5]

SO ORDERED.

---

5. The Court recognizes the possible windfall to the City of Detroit in extending coverage to the seawall cap under the circumstances involved in the principal case. The windfall stems from the failure of the defendant to recognize the risks it assumed in writing a policy with the City of Detroit as an additional insured. This is not an action for reformation of the policy.